**Don Maurice RANDALL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13934.**

United States Court of Appeals
Ninth Circuit.

Sept. 2, 1954.

---

588

Robert D. Barbagelata, San Francisco, Cal., Harry Sager, Henderson, Carnahan, Thomas & Gordon, Tacoma, Wash., for appellant.

William T. Plummer, U. S. Atty., Anchorage, Alaska, Clifford J. Groh, Asst. U. S. Atty., Albuquerque, New Mexico, for appellee.

Before BONE, ORR and FEE, Circuit Judges.

ORR, Circuit Judge.

Appellant was tried before a jury, duly impaneled, in the District Court for the Territory of Alaska, Third Division, and found guilty of an assault with a dangerous weapon, A.C.L. § 65–4–22 [1].

Appellant assigns as error the refusal of the trial court to grant him a continuance of the trial. Affidavits of two doctors were presented in support of the motion. The trial court considered the reasons advanced insufficient and in the exercise of its discretion denied the continuance. We find no abuse of that discretion and a review of the record before us fails to disclose an instance in which the appellant was handicapped or prejudiced in the conduct of his defense by reason of mental or physical disability or inability to testify.

An understanding of other assignments requires a statement of certain of the facts:

[1]. Section 65–4–22, Alaska Compiled Laws Annotated, 1949:

"That whoever, being armed with a dangerous weapon, shall assault another with such weapon, shall be punished by imprisonment in the penitentiary not more than ten years nor less than six months, or by imprisonment in the county jail not more than one year nor less than one month, or by fine of not less than one hundred dollars nor more than one thousand dollars."

Appellant and a woman, whom he identified as his wife, entered a barroom situate south of Anchorage, sometime during the early evening of July 16, 1952. Appellant and the woman were "getting pretty drunk", as testified to by one of the witnesses, and were engaged in an argument. They left the barroom for a short interval. When they returned the woman was crying. Appellant asked the bartender to serve the woman another drink. The bartender refused, saying, "No, she has had enough." Appellant threatened to whip the bartender, and upon being refused service a second time drew a .25-caliber automatic gun and, pointing it at the bartender, said: "Give her a drink." The bartender threw up his hands and then served the drink. Appellant and the woman then left the barroom.

■ In his second assignment of error appellant complains that the trial court erred in permitting witnesses to answer the following question addressed to each: "Did you think that the gun was loaded?" The questions were not objected to. The replies were innocuous. The witnesses said they "couldn't tell." They related the facts as they saw them which, under the rules of evidence, they were privileged to do. No such prejudice resulted as would require the trial court to strike the evidence irrespective of a failure to object.

■ The defendant was apprehended later in the evening. No gun was found on his person. He did have a recently inflicted gunshot wound on his hand. A doctor treated the wound. At the trial the doctor testified that in his opinion the wound was the result of a bullet fired from a .25-caliber weapon. Appellee contends that this evidence was a circumstance for the jury to consider in support of the charge that appellant had in his possession a loaded .25-caliber weapon on the evening of July 16th. Appellant urges that the doctor was not qualified to testify as to the caliber of bullet causing the wound. No objection was made at the trial to the introduction of this testimony. The doctor was not examined as to his qualifications because the appellant stipulated that he was "qualified as a doctor." He testified not in answer to a hypothetical question but from direct observation of a wound in the hand of the appellant, which he saw after the latter's arrest. Insofar as the record discloses, he may have been eminently qualified to express the opinion he gave as to the caliber of the bullet causing the wound.

■ The principal ground relied on by appellant is that there is no proof that the gun was loaded, an indispensable element in the crime of aggravated assault. True, there was no direct proof, but we ask the same question as did this Court in the case of Jackson v. United States, 9 Cir., 102 F. 473, 485: "How could there be? It was not discharged. Jackson [Randall] kept possession of it". We quote further from that opinion, 102 F. at page 485:

"Whether it was loaded or not was a question of fact, to be determined by the jury. The testimony was circumstantial. The jury had to infer the fact from all the testimony and the surrounding circumstances."

There were circumstances in this record from which the jury could infer that the gun was loaded:

(1) the defendant was drinking and was angry;

(2) his acts and conduct at the time he drew the gun and threatened the bartender;

(3) the reaction of the bystanders and bartender at the time;

(4) the practices and customs of the community in this regard;

(5) and, chiefly, the fact that the clip which carries the cartridges was in the gun.

To paraphrase the language of Jackson v. United States, supra, what was the natural inference to be drawn from the acts and conduct of Randall at or about the time he drew and pointed the gun at the bartender? The jury heard the testimony and was authorized to draw the inference therefrom that Randall's automatic was loaded. See also, Territory

**590**

v. Gomez, 14 Ariz. 139, 125 P. 702, 42 L.R.A.,N.S., 975; People v. Montgomery, 15 Cal.App. 315, 114 P. 792.

█ Appellant assigns as error the refusal of the Court to give his requested instruction on the distinction between an aggravated and simple assault. The requested instruction stated the law but, in our opinion, instructions Nos. 1, 2 and 3, given by the Court stated the law quite as adequately and succinctly. Appellant's argument in this respect is without merit.

█ The Court did not give an instruction on circumstantial evidence. Appellant did not request one. Appellant now argues that it was the duty of the Court to so instruct of its own motion and that the failure to do so constitutes reversible error. We do not agree. If appellant desired a specific instruction on circumstantial evidence he should have requested it. Goldsby v. United States, 160 U.S. 70, 77, 16 S.Ct. 216, 40 L.Ed. 343; United States v. Tramaglino, 2 Cir., 197 F.2d 928, 932; McCoy v. United States, 9 Cir., 169 F.2d 776, 784, certiorari denied 335 U.S. 898, 69 S.Ct. 298, 93 L.Ed. 433.

Affirmed.