William Carey **EDWARDS**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 17195.

United States Court of Appeals, Seventh Circuit.

March 9, 1970.

William Carey Edwards, in pro. per.

Alfred W. Moellering, U. S. Atty., Richard L. Kieser, Fort Wayne, Ind., for appellee.

Before FAIRCHILD and CUMMINGS, Circuit Judges, and CAMPBELL, District Judge.[1]

FAIRCHILD, Circuit Judge.

William Carey Edwards was convicted in 1967 of two offenses of robbery of a federally insured bank. He received concurrent twenty year sentences. His convictions rest upon pleas of guilty. He was not represented by counsel.

This is an appeal from denial of a motion under 28 U.S.C. § 2255. Edwards claims that he was not given certain information which would be essential to an intelligent waiver of counsel and a voluntary plea of guilty.

One of the offenses occurred June 13, 1967 at South Bend, in the northern district of Indiana, the other May 26, 1967 at Indianapolis, in the southern district. On June 21, Edwards waived counsel, waived indictment concerning the South Bend offense, pleaded guilty to an information charging that offense, and waived indictment concerning the Indianapolis offense. The court explained each step before it was taken, and informed Edwards that under Rule 20 the Indianapolis offense could be disposed of in the northern district if there were a plea of guilty.

On July 7, after further statements by the court, Edwards pleaded guilty to an information charging the Indianapolis offense. He was sentenced on both charges July 21.

The various claims made by Edwards on his motion, and our disposition of them are as follows:

■ Edwards claims that the court did not tell him the range of possible punishment before he waived counsel June 21. Literally this is true, for the court gave the information after waiver

---

1. Judge Campbell, Chief Judge for the Northern District of Illinois, is sitting by designation.

of counsel but before asking Edwards for his plea. It appears, however, that in June 1967 Edwards was on parole under a federal 25 year sentence for an earlier bank robbery and it follows that he had sufficient information as to possible punishment to evaluate the need for counsel.

■ Edwards claims that his waiver of counsel applied only to the South Bend charge. It is true that the written waiver could be construed as so limited. The June 21 hearing began, however, with an announcement that the proceeding would involve a possible transfer of the Indianapolis charge as well as a proposed information charging the South Bend offense. Nothing in the oral proceedings limited the waiver of counsel to the South Bend matter. On July 7, before asking for a plea to the Indianapolis information, the court reminded Edwards in detail of the advice given June 21 concerning the right to counsel. Edwards acknowledged that he recalled the advice and that "I didn't choose counsel". We think that Edwards waived counsel as to both charges.

■ In the South Bend matter, it was charged that Edwards "did put in jeopardy the life of * * * Noel Knutson by using a dangerous weapon, that is, a hand gun. * * *" Edwards claims that the court failed to advise him of the true nature of the charge in that the court did not tell him that the weapon "must have been capable of inflicting 'objective danger' (that is capable of being fired)". Edwards appears to suggest that his gun was not dangerous because out of repair. If that be true, we think the word "dangerous" in the information gave him sufficient notice of this possible defense.

■ It appears that Edwards had not received a copy of the Indianapolis information when he was asked to plead to it. It was, however, read aloud before his plea, he told the court he understood the charge, and after pleading guilty, he again responded affirmatively when the court paraphrased the information and asked if he had done those acts. Edwards was adequately informed of the charge.[2]

■ Finally Edwards argues that a remark he made about psychiatric help called for thorough inquiry into his ability to comprehend the situation and the possibility that he might have interposed the defense of insanity. On June 21 when Edwards said he wanted to proceed without counsel, he added, "but I would like to talk to somebody that has some maybe psychiatric training along the way". The judge immediately asked if there was any question about "your not understanding what we're doing here". Edwards assured him there was none. The judge, who had the advantage of observing and conversing with Edwards personally, was satisfied that Edwards was mentally competent to waive counsel and proceed, and we do not think greater significance need have been given to the reference to a psychiatrist.[3]

■ Edwards contends that the claims in his motion entitled him to an evidentiary hearing. We agree with the district court, however, that the record establishes an intelligent waiver of counsel and a voluntary plea of guilty understandingly made. The order denying the § 2255 motion is affirmed.

2. Richardson v. United States (8th Cir. 1954), 217 F.2d 696.

3. The remark did not raise the serious question found in United States v. Kincaid (4th Cir. 1966), 362 F.2d 939.