STATE of Iowa, Appellee,

v.

Roy Russell RHODES, Appellant.

No. 58710.

Supreme Court of Iowa.

June 30, 1976.

Bruce G. Mason, Omaha, Neb., and Thomas L. Moser, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Dennis D. Bloom, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals conviction and sentence upon his plea of guilty to forgery in violation of § 718.1, The Code. He contends the trial court erred in failing to advise him and ensure he understood before acceptance of his guilty plea that the plea operated as a waiver of a pending motion to suppress identification testimony. We affirm the trial court.

The record shows the court conducted a colloquy with defendant prior to acceptance of his guilty plea as required by this court in *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969), and *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974). The court did not specifically advise and determine defendant understood his guilty plea would constitute a waiver of his pending motion challenging

pretrial identification procedures. He asserts this omission rendered his plea involuntary and unintelligent.

In *State v. Sisco*, supra, at 548, we said a trial court to which a guilty plea is tendered may not abrogate or delegate to anyone, including the attorney for the accused, the duty to determine the defendant's knowledge of the charge, appreciation of legal consequences of a guilty plea, whether it is voluntarily entered, or the existence of facts supporting it. Here defendant contends the trial court's inquiry was insufficient to show he appreciated the legal consequences of his plea.

In *Brainard v. State*, supra, at 715, we said the trial court's inquiry regarding legal consequences of the plea must establish that the defendant is aware of the possible maximum punishment, and any enhanced punishment for the offense charged, and that he understands he waives his constitutional trial rights by a guilty plea. We said the record must affirmatively show the defendant understands that when his plea of guilty is accepted he stands convicted as if found guilty by a jury. To that end, we adopted A.B.A. Standard 4.2(a)(ii), Functions of the Trial Judge, which requires the trial court to inform the defendant of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers, and determine that he understands he waives these rights by pleading guilty.

Defendant was fully informed of these rights in the present case, and he said he understood he waived them by his plea of guilty. The trial court told defendant that by his plea of guilty he was subjecting himself to the punishment prescribed in the statute, and the defendant said he understood that. Defendant specifically admitted his identity as the forger of the check involved. At the time of sentencing about three weeks later, defendant said he knew of no reason sentence should not then be pronounced.

We do not believe the trial court was obliged to advise the defendant in specific terms that waiver of his trial rights also constituted abandonment of his pending motion to suppress evidence. We have held a trial court is not required to advise a defendant of every "but for" consequence which follows from a plea of guilty. *State v. Warner*, 229 N.W.2d 776, 782 (Iowa 1975). The court ordinarily need not mention the consequence involved here. It naturally, inevitably, and necessarily follows when the defendant voluntarily and intelligently waives his right to trial. *State v. Kobrock*, 213 N.W.2d 481, 483 (Iowa 1973).

The trial court's role in determining whether a guilty plea is voluntary, intelligent, and accurate must be viewed in perspective. The court's inquiry is intended to supplement but not supplant advice of counsel. *State v. Reppert*, 215 N.W.2d 302, 307 (Iowa 1974); *State v. Sargent*, 210 N.W.2d 656, 659 (Iowa 1973). Evaluation of the weight of the State's evidence and predictions regarding admissibility are in the exclusive domain of counsel. "In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case." *McMann v. Richardson*, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 772 (1970). The trial court is not required to inquire into the wisdom of the plea and may assume competent counsel has explored that issue with the defendant. *Tollett v. Henderson*, 411 U.S. 258, 265–267, 93 S.Ct. 1602, 1607–1608, 36 L.Ed.2d 235, 242–243 (1973). Because evaluations and predictions regarding admissibility of evidence inhere in the issue of wisdom of the plea, the trial court may assume, unless alerted to the contrary, that a defendant understands he waives challenges to admissibility of evidence when he waives trial. See *Clark v. Lockhart*, 379 F.Supp. 1320, 1331 (E.D.Ark.1974), aff'd 512 F.2d 235 (8 Cir. 1975), cert. denied. 423 U.S. 872, 96 S.Ct. 139, 46 L.Ed.2d 103 (1975). Defendant here has neither asserted nor demonstrated he was not competently represented at the time he entered his plea of guilty. The advice he contends he should have had from the trial judge is advice he presumably received from his attorney.

The trial court did not err in failing to inquire in specific terms whether defendant understood that by his guilty plea he waived his pending motion challenging the State's identification evidence. Nor, for the same reasons, did the court err in failing to make a specific determination that defendant actually understood his guilty plea had that effect.

Moreover, it is inconceivable to us under the record in this case that defendant was unaware that by giving up his right to trial he relieved the State of its obligation to identify him as the perpetrator of the offense and relinquished his right to challenge the admissibility of the State's evidence. He has not established that his plea was involuntary and unintelligent on the ground alleged.

AFFIRMED.