Edward G. ELSE, Appellant,

v.

STATE of Alaska, Appellee.

No. 2666.

Supreme Court of Alaska.

Nov. 8, 1976.

Phillip P. Weidner, Barbara Miracle and Brian Shortell, Anchorage, for appellant.

Glen C. Anderson, Joseph D. Balfe, Anchorage, and Avrum M. Gross, Juneau, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and ERWIN, Justices, and THOMAS E. SCHULZ, Superior Court Judge.

## OPINION

BOOCHEVER, Chief Justice.

In this case we consider the voluntariness of a guilty plea. The defendant contends that he did not understand the nature of the charge at the time of his plea. Issues of self-representation and thus ineffective assistance of counsel are also raised.

Edward G. Else was indicted by the grand jury for assault with a dangerous weapon[1] after he allegedly pointed a rifle and threatened another person with it. At the plea proceeding in superior court, Else insisted that he wanted to represent himself and indicated that he was ready to enter a plea of guilty to the charge.

The trial court commented on the seriousness of the felony and asked if Else understood that he was giving up his right to have a jury trial, to be represented by counsel, to confront the witnesses against him, to remain silent and to force the State to prove his guilt beyond a reasonable doubt. Else answered "Yes" to all of the above. The court stated that the maximum penalty for assault with a dangerous weapon was ten years. When questioned, Else acknowledged that he understood the nature of the charge, that he was pleading guilty because the facts in the indictment were true, that at the time of his plea, he was not under the influence of any drug or narcotic and that he understood the proceedings.

The trial court accepted Else's plea of guilty and sentenced him to the maximum penalty of ten years on the offense of assault with a dangerous weapon.

With the assistance of a public defender, Else moved to withdraw his guilty plea. The main ground for withdrawal was that Else did not understand the nature of the charge when he entered his guilty plea[2] since he did not know that under AS 11.-15.220 a gun had to be loaded in order to be a "dangerous weapon". Else contended that his gun was not loaded at the time of the assault, and his counsel suggested that there was evidence to prove this. Counsel for Else also suggested that Else's limited education, alcohol and drug involvement, and possible mental instability at the time of his plea should be considered in determining whether Else was able to represent himself and whether he understood the nature of the charge.

The superior court denied Else's motion to withdraw the plea at that time, and again on rehearing. Else appeals from the superior court's denials of that motion.

## I. ELSE'S SELF-REPRESENTATION

This court and the United States Supreme Court have recently held that a defendant has a constitutional right to represent himself in a criminal proceeding. *McCracken v. State,* 518 P.2d 85 (Alaska 1974); *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Both courts, however, recognized that the

---

1. AS 11.15.220 states:

    *Assault with dangerous weapon.* A person armed with a dangerous weapon, who assaults another with the weapon, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than 1 year nor less than one

    month, or by a fine of not more than $1,000 nor less than $100.

2. Criminal Rule 32(d)(1)(ii)(cc) provides that withdrawal of a guilty plea is necessary to correct a manifest injustice when the defendant demonstrates that the plea was entered without knowledge of the charge.

right to self-representation is not absolute. In *McCracken* we stated:

> In order to prevent a perversion of the judicial process, the trial judge should first ascertain whether a prisoner is capable of presenting his allegations in a rational and coherent manner before allowing him to proceed *pro se*. Second, the trial judge should satisfy himself that the prisoner understands precisely what he is giving up by declining the assistance of counsel. 518 P.2d at 91.[3]

■ Applying these standards to the case at bar, the record shows that prior to the hearing, the trial judge had read a very recent psychiatric report on Else which indicated that Else's "thought content seemed adequately organized with no evidence of delusions or other psychotic indicators." Else's responses to the trial court's questions were rational and showed no confusion. There was nothing in the record which suggested that Else was incapable of presenting his allegations rationally and coherently.

The record also shows that the trial court urged Else to accept an attorney at public expense, and continued the hearing to provide Else an opportunity to consult with the public defender who was assigned to his case, in spite of Else's threatened refusal to talk to him. The trial court told Else: "In all the cases I've seen you're always better off with an attorney". The trial court also determined that Else had quite recently been through the same procedure in Kodiak where he had entered guilty pleas to three counts of stealing property, appearing *pro se* in spite of another judge's recommendation that he accept counsel.

The instant case is distinguishable from the recent case of *Gregory v. State*, 550 P.2d 374 (Alaska 1976). In that case, this court held that the defendant's guilty plea was invalid because he was not informed of the advantages of legal representation before he waived his right to the assistance of counsel. Gregory was an Eskimo, whose native language was Yupik. The plea proceeding was conducted mainly in English, and Gregory showed confusion at the hearing before the superior court with respect to legal terminology, particularly the terms "lawyer", "attorney", and "public defender".

The record here does not reveal any lack of understanding of the role of an attorney on Else's part. We find that the trial court adequately informed Else of the advantages of legal counsel and made a good faith effort to convince him to accept representation. We hold that Else knowingly and intelligently waived his right to counsel and exercised his constitutional right to self-representation. Despite the judge's highly competent handling of this aspect of the plea, we find that we must reverse for the reasons set forth below.

## II. ELSE'S UNDERSTANDING OF THE NATURE OF THE CHARGE

■ Else contends that his guilty plea is invalid because he was not informed by the court or the prosecutor of an essential element of the offense of assault with a dangerous weapon, specifically that his weapon must be loaded. In *Hobbs v. State*, 363 P.2d 357, 358 n. 3 (Alaska 1961), this court approved a jury instruction which stated that an unloaded pistol is not a dangerous weapon within the meaning of the assault with a dangerous weapon statute when there is no present ability to use it as a bludgeon. Thus, an assault with a dangerous weapon cannot be committed with an unloaded gun in Alaska unless the gun is

---

3. The Supreme Court in *Faretta v. California, supra*, stated that the accused who chooses self-representation is giving up many of the traditional benefits associated with the right to counsel. Therefore although he need not have the skill and experience of a lawyer in order to knowingly and intelligently waive the right, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that " 'he knows what he is doing and his choice is made with eyes open' ". 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582.

used as a striking object.[4] Here there is no indication that Else did anything other than point a gun at the victim of the assault. If Else's gun was not loaded, as he contends, he could be guilty merely of the lesser included offense of simple assault.

Else contends that he was denied due process of law,[5] since he did not receive adequate notice of the offense to which he pleaded guilty. He also charges that the trial court violated Criminal Rule 11(c),[6] by failing to assure that he understood the nature of the charge before accepting his plea, and Criminal Rule 11(f),[7] by failing to establish a reasonable basis for his plea before entering judgment.

The following exchange shows the extent of Else's notice of the charge, the court's inquiry into Else's understanding of the charge, and the factual basis for the plea:

THE COURT: But you understand the nature of the charge?

MR. ELSE: Yes, sir.

THE COURT: And you understand the penalty?

MR. ELSE: Yes.

\* \* \* \* \* \*

THE COURT: All right. The indictment charges that on the 15th day of May, '74, at or near Anchorage you then being armed with a dangerous weapon, to wit, a rifle, did unlawfully and feloniously assault one Curtis Nerison, by pointing and threatening said Nerison. Well, this indictment charged that you were armed with a rifle and that you feloniously and unlawfully committed a crime by pointing a rifle at this Curtis and this is alleged to have occurred on the 15th day of May, 1974. Now, are you pleading guilty because those facts are in fact true, is that what happened?

MR. ELSE: Yes, they are true.

THE COURT: And you're pleading guilty for the only reason that they are true and for no other reason?

MR. ELSE: True.

A trial court should make a more exacting inquiry to assure a defendant's understanding of the charge when he seeks to enter a guilty plea *pro se*, than is required when he is represented by counsel.[8] Routine questions on the subject of understanding are insufficient, and a single response by a *pro se* defendant that he "understands" a charge is inadequate assurance or basis for believing that he does.[9]

■ Based on the above-quoted exchange, and giving consideration to the fact that Else was not represented by counsel, we believe that the recent United States Supreme Court opinion in *Henderson v. Morgan*, —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), requires withdrawal of Else's guilty plea on both federal

---

4. *See also, State v. Godfrey,* 17 Or. 300, 20 P. 625 (1889), and *Randall v. United States,* 215 F.2d 587, 15 Alaska 135 (9th Cir. 1954), which hold that an assault with a dangerous weapon cannot be committed with an unloaded gun under the Oregon statute from which the Alaska statute, AS 11.15.220, was derived and under the pre-statehood Alaska statute.

5. The Fourteenth Amendment to the United States Constitution reads in part:
 . . . nor shall any state deprive any person of life, liberty, or property, without due process of law[.]
Art. I, § 7 of the Alaska Constitution provides in part:
No person shall be deprived of life, liberty, or property, without due process of law.

6. Criminal Rule 11(c)(1) provides:
*Pleas of Guilty or Nolo Contendere.* The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
(1) determining that he understands the nature of the charge[.]

7. Criminal Rule 11(f) provides:
*Determining the Accuracy of Plea.* The court shall not entered a judgment upon a plea of guilty without first being satisfied that there is a reasonable basis for the plea.

8. *See, e. g., Dorrough v. United States,* 385 F.2d 887 at 890 (5th Cir. 1967); *United States v. Lester,* 247 F.2d 496, 500 (2nd Cir. 1957).

9. *Dorrough v. United States, supra,* 385 F.2d at 890.

and state due process grounds. In *Henderson v. Morgan, supra,* the defendant, Morgan, was indicted for first-degree murder. By agreement with the prosecution and on the advice of counsel, Morgan pleaded guilty to second-degree murder. Although the defendant stated to the court that he understood he was accused of killing his victim, there was no discussion of the elements of second-degree murder, no no indication that the nature of the offense had ever been discussed . with the defendant, and no reference of any kind to the required element of intent to cause the death of his victim. Morgan made no factual statement or admission which would imply that he had the requisite intent. At the sentencing hearing his counsel stated that the defendant, who was substantially below average intelligence, "meant no harm to the lady when he entered her room with a knife". Morgan testified at the subsequent plea withdrawal hearing that he would not have pled guilty had he known that intent to cause death was an element of second-degree murder.

The Supreme Court stated:

. . . [C]learly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process'. *Smith v. O'Grady,* 312 U.S. 329, 223 [sic], 61 S.Ct. 572, 85 L.Ed. 859.[10]

The court held that Morgan's plea was involuntary since he did not receive adequate notice of the elements of the offense, and

his judgment of conviction was therefore entered without due process of law.

■ In *Henderson v. Morgan, supra,* the essential element of intent, which was not explained to Morgan, was contained in the New York statute defining second degree murder.[11] The requirement of an operable weapon—here, a gun which is loaded—is not contained in AS 11.15.220, the Alaska statute defining assault with a dangerous weapon. The requirement of a loaded weapon, however, has been added by judicial interpretation. The State argues that the essential element of AS 11.15.220 is a dangerous weapon, and that any requirement that the gun be loaded merely creates an evidentiary defense to the dangerousness of the weapon.[12] We agree with the case authority to the effect that the trial court is not normally required to inform a defendant of evidentiary defenses before accepting his guilty plea.[13]

■ We cannot agree with the State's argument that the issue as to the loaded condition of the gun is merely a defense. As part of its prima facie case for assault with a dangerous weapon, the State must introduce evidence that the defendant's gun was either loaded or used as a bludgeon. A failure to introduce this evidence would mandate judgment of acquittal. Criminal Rule 29(a); *Hobbs v. State, supra.* Consequently, in fact situations where the weapon is a gun, we hold that its loaded condition or its use as a striking ·object are elements of the offense of assault with a dangerous weapon in Alaska. The trial court must inform a defendant of the essential elements of the offense with which

10. *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108.

11. At the time of the plea, murder in the second degree was defined as follows by former New York Penal Law § 1046:
Such killing of a human being is murder in the second degree, when committed with a design ,to effect the death of the person killed, or of another, but without deliberation and premeditation. *Henderson v. Morgan, supra,* at 2258 n. 14.

12. In *Eagleston v. United States,* 172 F.2d 194 at 201, 12 Alaska 213 (9th Cir. 1949),

*cert. denied,* 336 U.S. 952, 69 S.Ct. 882, 93 L.Ed. 1107 (1949), .the Ninth Circuit held that an indictment charging assault with a dangerous weapon in the language of the Alaska statute was . sufficient notice to the defendant, since .the statute contained all the essential elements of the offense, and the issue of what constituted a dangerous weapon was a matter of proof.

13. *See, e. g., Edwards v. United States,* 103 U.S.App.D.C. 152, 256 F.2d 707, 710 (1958), *cert. denied,* 358 U.S. 847, 79 ˙ S.Ct. 74, 3 L.Ed.2d 82 (1958). .

he is charged before accepting a guilty plea. *Henderson v. Morgan, supra.*

■ We hold that for the purpose of instructing a nonrepresented defendant, "essential elements" include those requirements not contained in the wording of the statute but created by judicial construction. Closely analogous situations were considered by the United States Court of Appeals for the Ninth Circuit in *Smith v. United States,* 309 F.2d 165 (1962), and *Wilcox v. United States,* 381 F.2d 450 (1967). The defendants were charged with assault with a dangerous weapon during a bank robbery and were erroneously advised by the prosecuting attorney on the record that it was immaterial that the gun used in the robbery was unloaded. The Ninth Circuit ordered relief because the prevailing construction of the statute at the time the defendants entered their guilty pleas was to the contrary. There is no reason to distinguish situations where erroneous advice is given on the record from situations like Else's where the defendant was not affirmatively misled on the record, but claims to have entered his plea under a similar mistaken understanding as to the applicable law.

■ The State contends that Else was given notice of the requirement of a loaded gun by the term "dangerous weapon" used in the indictment, which the judge read to him in court. This position is supported by *Edwards v. United States,* 422 F.2d 788 (7th Cir. 1970). We do not believe that a lay person appearing without counsel can be expected to interpret the term "dangerous weapon" as implying the requirement that a gun be loaded. A person untrained in law may well consider a gun, whether loaded or unloaded, a dangerous weapon because of its potential for causing injury or death. In the instant case, we hold that Else did not receive "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process".[14]

■ We are not being asked to order Mr. Else's acquittal, but rather to afford him the opportunity of pleading again, with full knowledge of the elements of the offense with which he is charged. If with that knowledge, he elects to enter a plea of not guilty, he is entitled to a trial on the merits of the case. We consequently vacate Mr. Else's judgment of conviction and sentence, and remand to the trial court for new plea proceedings consistent with this opinion.[15]

RABINOWITZ, J., concurs.

BURKE, J., did not participate.

RABINOWITZ, Justice (concurring).

I cannot subscribe to the majority's apparent conclusion that the superior court's explanation of the nature of the charge would have been adequate if Else had been represented by counsel. For in my view, Rule 11(c)(1), Rules of Criminal Procedure, makes no distinction between the plea situation where the accused is represented and where the accused is unrepresented by

---

14. *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, 862 (1941).

15. Although we reverse on federal and state due process grounds, we also find violations of Criminal Rule 11(c)(1) and (f) (quoted in notes 6 and 7, *supra*). The trial court had notice at the sentence hearing that there was some evidence that Else's gun was not loaded at the time of the offense. The following exchange occurred between the court and Else's probation officer:

> THE COURT: But this ADW charge is— could have turned into a real tragedy.
> MR. SMITH: Yes, it could have; I explained that to him—the fact that *had*

*there been bullets there,* you know, he could have killed someone—could have been first-degree murder, second manslaughter. . . . [Emphasis added]

Based on this information, we find that the trial court should have questioned the reasonable basis for the plea of assault with a dangerous weapon under Alaska law as required by Criminal Rule 11(f).

We also find that the trial judge did not adequately assure Else's understanding of the nature of the charge as required by Criminal Rule 11(c) because he did not inform Else that an unloaded gun, which was not used as a bludgeon, is not a dangerous weapon under the Alaska statute.

counsel. In light of the unambiguous text of Rule 11(c)(1),[1] and the construction placed upon the substantially parallel Rule of Criminal Procedure by federal courts, I conclude that the trial court must scrupulously comply with the mandate of Rule 11(c)(1) whether or not the accused is represented by counsel.

Under Rule 11(c)(1) the trial court must make the determination whether the defendant understands the nature of the charge against him. This requires the trial court to explain the elements of the offense and what basic acts must be proven to establish guilt. *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968); *United States v. Cantor,* 469 F.2d 435, 438 (3d Cir. 1972); *Woodward v. United States,* 426 F.2d 959, 962 (3d Cir. 1970). In the case at bar the trial court's perfunctory inquiry of Else falls far short of compliance with Rule 11.

1. Criminal Rule 11(c)(1) provides:
*Pleas of Guilty or Nolo Contendere* The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and (1) determining that he understands the nature of the charge[.]