STATE of Iowa, Appellee,

v.

William Norbert HEINEN, Appellant.

No. 59770.

Supreme Court of Iowa.

April 20, 1977.

Paul T. Shinkle, Ackerman & Shinkle, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and Daryl E. Roberts, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

■ The question in this appeal is whether a judge receiving a guilty plea from a defendant who asserts he was intoxicated at the time of the offense must ascertain the defendant's awareness of his right at trial to interpose an intoxication defense. We hold such determination by the judge is not a prerequisite to a voluntary and intelligent guilty plea. We affirm the conviction and sentence in this case.

Defendant was originally charged with assault with intent to commit murder in violation of Code § 690.6. The charge was later changed to burglary with aggravation in violation of Code § 708.2. He tendered a plea of guilty to the latter charge.

The State alleged defendant broke into the home of his estranged wife on January 20, 1976, and then threatened, beat and shot her.

When defendant tendered his guilty plea, the judge carefully and thoroughly canvassed the nature of the charge and consequences of the plea with defendant. The judge accurately enumerated the elements of the offense. Defendant assured the court he understood the nature of the charge and the consequences of a guilty plea. The court then inquired into the voluntariness and accuracy of the plea. At the judge's request, the prosecutor summarized the State's evidence. Defendant acknowledged the State's witnesses would testify accordingly. However, he said he had been

drinking excessively on the occasion involved and did not remember exactly what happened. The judge asked the defendant additional questions. Defendant admitted breaking into the home armed with a shotgun. The court said, "And do you admit that you went in there with the intent to assault your wife?" Defendant answered, "Yes, sir, I did."

The court accepted defendant's plea and later sentenced him. This appeal followed.

We have long recognized that when specific intent is an element of a crime, intoxication which prevents one from having such intent is material and may entitle the defendant to acquittal. See *State v. Booth*, 169 N.W.2d 869, 874 (Iowa 1969). The question in the present case is whether the trial court erred in failing to ascertain defendant's awareness of this principle before accepting his guilty plea.

■ The trial court's inquiry in a plea proceeding is intended to supplement but not supplant advice of counsel. Its purpose is to complement a defendant's right of counsel by insuring that the constitutional requisites of a valid plea are satisfied. *State v. Sargent*, 210 N.W.2d 656, 659 (Iowa 1973). The court is not required to inquire into the wisdom of the plea and may assume, unless alerted to the contrary, that counsel has sufficiently advised the defendant on matters relating to admissibility of evidence and possible defenses to the charge. *State v. Rhodes*, 243 N.W.2d 544, 545 (Iowa 1976), and citations; *United States v. Warwar*, 478 F.2d 1183, 1184 (1 Cir. 1973); *Lee v. Hopper*, 499 F.2d 456 (5 Cir. 1974), cert. den. 419 U.S. 1053, 95 S.Ct. 633, 42 L.Ed.2d 650 (1974); *Flores v. United States*, 337 F.Supp. 45 (D.P.R.1971); *United States v. Aleman*, 417 F.Supp. 117 (S.D.Tex. 1976). See also *Edwards v. United States*, 422 F.2d 788 (7 Cir. 1970).

■ A trial judge has a duty to determine that a tendered guilty plea is voluntary, intelligent and accurate before accepting it. However, a defendant may voluntarily and intelligently plead guilty even if he is unwilling or unable to admit his participation in the acts constituting the crime. *North Carolina v. Alford*, 400 U.S. 25, 32–38, 91 S.Ct. 160, 164–168, 27 L.Ed.2d 162, 168–172 (1970).

In this case the trial court carefully probed and demonstrated defendant's understanding of the charge and his awareness of the penal consequences of a guilty plea. The case is thus distinguishable from *State v. Buhr*, 243 N.W.2d 546 (Iowa 1976), where in otherwise analogous circumstances the record did not show the defendant's understanding of the charge. It is true we approved advice by a trial judge as to the availability of an intoxication defense in *Young v. Brewer*, ·190 N.W.2d 434 (Iowa 1971). However, we did not hold such advice was mandatory for the plea to be intelligent.

The record in the present case demonstrates defendant's understanding of the charge and his awareness of the consequences of his plea. He does not challenge the plea's voluntariness or accuracy. The trial court did not err in failing to ascertain whether defendant was aware of his right at trial to interpose an intoxication defense. No deficiency in the plea proceeding has been shown.

AFFIRMED.