**Robert Carl EVENSTAD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 4–80–113.**

United States District Court, D. Minnesota, Fourth Division.

July 1, 1980.

Robert Carl Evenstad, pro se.

Thomas K. Berg, U. S. Atty., Daniel W. Schermer, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

On February 6, 1978, petitioner Evenstad pled guilty to a one-count indictment charging violations of both 18 U.S.C. § 2113(a) and (d),[1] for his role in the attempted rob-

---

1. 18 U.S.C. § 2113(a) provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(d), the offense of aggravated bank robbery reads as follows:

Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

bery of the Burnsville State Bank on November 10, 1977. Petitioner, along with his co-defendant, was apprehended inside the bank in possession of a starter's pistol, while his co-defendant was found in possession of an air pistol. For his role in the attempted bank robbery, petitioner was subsequently sentenced to 15 years imprisonment. Evenstad has now brought this action under 28 U.S.C. § 2255, and contends that his plea of guilty should be vacated. For the reasons which follow, the Court has concluded that petitioner's guilty plea should be vacated, and that he should be allowed to plead anew.

At the time of the change of plea proceeding, the Court was informed by the government's attorney that the government and Evenstad had reached an agreement that in return for Evenstad's plea of guilty, any sentence of imprisonment would be limited to 20 years. There was no agreement as to fine. Under the applicable statutes, the maximum possible imprisonment for the offense of 18 U.S.C. § 2113(d) is 25 years, while the maximum penalty for a violation of 18 U.S.C. § 2113(a) is 20 years.

During the plea proceeding, Evenstad noted that "[m]y associate had a, it was some type of an air pistol and I had like a track gun, starter's gun." At no time during this proceeding was Evenstad asked whether the weapons were in fact operable to the extent that they could cause death or serious bodily harm to another. Nor did the government represent that the weapons used during the robbery were functional or capable of causing physical harm. Evenstad now claims that both weapons were incapable of causing physical harm to the victims.

Aggravated bank robbery under 18 U.S.C. § 2113(d) requires that the person or persons perpetrating the robbery must either assault another person or put the life of any person "in jeopardy." Conversely, the charge of bank robbery under 18 U.S.C. § 2113(a) requires that the perpetrator use "force and violence, or . . . intimidation . . . ." In *United States v. Cobb*, 558 F.2d 486, 488 (8th Cir. 1977), the Court of Appeals articulated the distinction between these two forms of bank robbery:

> There is a clear distinction between § 2113(a) and § 2113(d). Each involves an element of intimidation; only § 2113(d) requires proof of putting in jeopardy. The additional aggravation present in § 2113(d) permits the imposition of a more severe sentence—twenty-five years rather than twenty.

> Our Court has consistently rejected the notion that proof of putting in jeopardy may be established by subjective evidence, such as fear felt by the victim. The weapon must be objectively capable of putting a victim's life in danger.

[footnote omitted] *See United States v. Cady*, 495 F.2d 742, 746 (8th Cir. 1974); *Bradley v. United States*, 447 F.2d 264, 274 (8th Cir. 1971), *vacated*, 404 U.S. 567, 92 S.Ct. 746, 30 L.Ed.2d 722 (1972). In *United States v. Thomas*, 521 F.2d 76 (8th Cir. 1975), the Court of Appeals remanded for resentencing in light of its finding that the jury instructions were improper insofar as the "jeopardy" element of 18 U.S.C. § 2113(d) was concerned. The *Thomas* court explained:

> While the fact that a gun was loaded and therefore dangerous may be inferred from the circumstances, the fact of jeopardy cannot be found simply because the weapon "appeared" to be dangerous to the victim, however reasonable her fears. From the former may be found jeopardy; from the latter may be found merely intimidation, the lesser included offense. Unless placing in jeopardy can be said to mean more than placing in fear, then nothing has been added to § 2113(d) over § 2113(a) to explain or justify the enhanced punishment which subdivision (d) permits.

*Id.* at 81.

■ The central issue in this case is whether petitioner's plea as to 18 U.S.C.

§ 2113(d) is invalid because of its involuntary nature or because of non-compliance with Federal Rule of Criminal Procedure 11, and if so, whether petitioner's guilty plea as to 18 U.S.C. § 2113(a) is also invalid because of the absence of consideration for the government's promise under the plea bargain. Federal Rule of Criminal Procedure 11 provides in part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

\*   \*   \*   \*   \*   \*

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.

\*   \*   \*   \*   \*   \*

(f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

The Supreme Court has articulated the purposes of Rule 11 generally and the requirement that the defendant be personally interrogated to be twofold: "to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary" and to "produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1968). In *McCarthy*, the Court held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without

fully adhering to the procedure provided for in Rule 11." *Id.* at 463–64, 89 S.Ct. at 1169. The Court noted that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.* at 466, 89 S.Ct. at 1171. The Rule 11 requirement that the district court determine that a factual basis exists for the plea is also related to the voluntariness determination, as it is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Id.* at 467, 89 S.Ct. at 1171 *quoting* Fed.R.Crim.P. 11, Notes of Advisory Committee on Criminal Rules.

In 1976 the Supreme Court decided *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), which dealt with the constitutionality of a plea to second degree murder by a defendant charged in state court, and thus Rule 11 was not involved. The issue in *Henderson* was identified by the Court as "whether a defendant may enter a voluntary plea of guilty to a charge of second-degree murder without being informed that intent to cause the death of his victim was an element of the offense." *Id.* at 638, 96 S.Ct. at 2254. The Court, while assuming that notice of every essential element of the offense need not be described to the defendant in every instance, nevertheless held that as the nondisclosed element of intent was such a "critical element," the plea was involuntary in a constitutional sense. *Id.* at 647 n. 18, 96 S.Ct. at 2258 n. 18. In finding that the plea was involuntary, the Court relied on the notion that the defendant had no real understanding of the nature of the charge, and rejected the proposition that defendant's intent could be inferred from the act itself or other relevant evidence.

At no time during the plea proceedings was Evenstad asked about his understanding of the essential element of 18 U.S.C. § 2113(d), that the weapons used in the robbery were objectively capable of put-

ting the victim's life in danger. *United States v. Cobb*, 558 F.2d 486 (8th Cir. 1977). This particular element can only be regarded as "critical," as it is the element which distinguishes aggravated bank robbery under section (d) from ordinary bank robbery under § 2113(a). As there was no on the record determination that Evenstad understood that the weapons must have been objectively capable of causing harm at the time of the robbery, it cannot be said that his plea was made with an understanding of the nature of the charge. *United States v. Wetterlin*, 583 F.2d 346 (7th Cir. 1978), *cert. denied*, 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979); *United States v. Cody*, 438 F.2d 287 (8th Cir. 1971), *cert. denied*, 409 U.S. 1010, 93 S.Ct. 454, 34 L.Ed.2d 303 (1972). Similarly, as no information was elicited with respect to the operable character of the weapons, or their potential to actually be capable of putting a victim's life in danger, it cannot be said a factual basis exists for the plea. *United States v. Untiedt*, 479 F.2d 1265 (8th Cir. 1973). Therefore, the petitioner's plea of guilty as to 18 U.S.C. § 2113(d) was not only involuntary and thus violative of due process, but was also accepted in violation of Rule 11. In *Wilcox v. United States*, 381 F.2d 450 (9th Cir. 1967), the petitioner pled guilty to a violation of 18 U.S.C. § 2113(d) after he was advised by government counsel that it was immaterial that the gun used in the robbery was unloaded. In finding that all parties possessed a mistaken impression with respect to the elements of a § 2113(d) offense, the *Wilcox* court reversed the denial of the petitioner's § 2255 motion on the ground that at the time of the plea the petitioner did not understand the nature of the charge. As in *Wilcox*, the petitioner's plea of guilt to the offense of aggravated bank robbery should be vacated.

■ As petitioner's plea as to 18 U.S.C. § 2113(d) is demonstrably invalid, the issue is then reduced to whether the petitioner's plea of guilt as to 18 U.S.C. § 2113(a) remains valid, or whether petitioner should simply be resentenced. *See, e.g., United States v. Thomas*, 521 F.2d 76, 83 (8th Cir. 1975). Here, the petitioner was induced to

plead guilty to a violation of both 18 U.S.C. § 2113(a) and (d) as a result of a seemingly legitimate plea bargain which limited any term of imprisonment to a term of 20 years. Plea bargains are contractual in nature and contract principles are relevant to a determination of the validity of such agreements. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Petition of Geisser*, 554 F.2d 698, 704 (5th Cir. 1977). As noted by the Supreme Court in *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971): "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of *the inducement or consideration*, such promise must be fulfilled." [emphasis added]. When the promises inherent in the plea bargain are not performed, or the bargain is otherwise invalid, the voluntary nature of any plea is undermined. *Petition of Geisser*, 554 F.2d 698 (5th Cir. 1977).

■ Consideration is essential to any contract and therefore any plea bargain. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). It is well settled that consideration is present if "something valuable flows from [the promisor], or that [the promisor] suffers some prejudice or inconvenience, and that the agreement is the inducement to the transaction." *Home Supply Co., Inc. v. Ostrom*, 164 Minn. 99, 204 N.W. 647 (1925); *see Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, (8th Cir. 1968). In the plea bargain reached with Evenstad, the government sustained no detriment, and therefore no consideration exists to support the plea bargain. The maximum possible penalty for a violation of 18 U.S.C. § 2113(a) is 20 years, which was the maximum sentence under the plea bargain reached with petitioner. While the government relinquished its rights to press for the additional five years imprisonment allowable for aggravated bank robbery, no factual basis was developed at the plea proceeding for a plea to aggravated bank robbery, and it is at least plausible that petitioner is not

guilty of aggravated bank robbery.[2] Based on the record before the Court, the government gave up nothing meaningful, and in effect induced the petitioner to plead guilty by a promise that petitioner would receive no more than the statutory maximum possible under 18 U.S.C. § 2113(a). As petitioner was induced to change his plea by a meaningless government promise,[3] no consideration exists for the plea bargain, petitioner's plea as to 18 U.S.C. § 2113(a) cannot be considered voluntary, and it too should therefore be vacated.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to vacate his plea pursuant to 28 U.S.C. § 2255 be and hereby is granted.

---

2. Unlike the normal bank robbery, the petitioner and his co-defendant surrendered in the bank itself, and their weapons were seized at that time. Presumably, the government is aware of the capacity, or lack thereof, of the weapons to place a victim's life in danger. The petitioner has claimed that the air pistol had a spent cartridge and thus was inoperable. The government, despite having the opportunity to do so, has not claimed otherwise.

3. While the government argues that it has no obligation to bargain and that the validity of a plea bargain is only dependent on whether the government fulfills its promise, these arguments miss the point. The Court agrees that the government can decide to bargain with one accused of crime when it chooses to do so. Having made the choice to bargain and reached an agreement here, however, the government must in effect give up something of value, which has not occurred.