46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kanard James MELONCON, Defendant-Appellant.
 No. 94-50310.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kanard James Meloncon appeals his conviction and 120-month sentence for aiding and abetting the armed robbery of a letter carrier in violation of 18 U.S.C. Secs. 2, 2214. Meloncon contends that the government's decision to prosecute him for the robbery was vindictive and that the district court improperly increased his sentence for use of a firearm and obstruction of justice. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Vindictive Prosecution
 
 
 4
 Meloncon argues that the district court erred by denying his motion to dismiss the indictment for vindictive prosecution.
 
 
 5
 No appearance of vindictive prosecution arises when increased charges are filed in the routine course of prosecutorial review or as a result of continuing investigation. United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982). If the defendant establishes an appearance of vindictiveness, the government may dispel the appearance by pointing to intervening circumstances or independent reasons. Id.
 
 
 6
 The government first prosecuted Meloncon for possession of a check stolen from the United States mail based on his attempt to cash the check a few days after the robbery of a letter carrier. At the close of evidence, the district court granted Meloncon's motion for a judgment of acquittal because the government had not shown that the check was stolen mail. Within two weeks, the government indicted Meloncon for robbery of the letter carrier. The second charge arose from the same facts and carried a more severe penalty.
 
 
 7
 We agree with the district court that, even assuming Meloncon established an appearance of vindictiveness, the government dispelled the appearance by showing an intervening circumstance. See id. The new charge was justified because the victim had not been able to identify Meloncon from a photographic spread prior to first trial; but during the trial she identified Meloncon as the driver of the car. This evidence placed Meloncon at the scene of the robbery and justified the robbery charge.
 
 II
 Use of a Firearm Adjustment
 
 8
 Meloncon argues that the district court erred by adjusting his offense level by five levels because the government did not establish that the weapon met the definition of a firearm.
 
 
 9
 The Sentencing Guidelines provide for a five-level upward adjustment if the defendant brandished, displayed, or possessed a firearm during the robbery. U.S.S.G. Sec. 2B3.1(b)(2)(C). To satisfy the definition of a firearm, the weapon must be designed to expel a projectile by the action of an explosive. U.S.S.G. Sec. 1B1.1, comment. (n.1(e)); United States v. Burnett, 16 F.3d 358 (9th Cir. 1994) (even though a starter pistol looks like a firearm, it is not a firearm as defined by Guidelines). When the government seeks to increase a sentence, it must establish the necessary facts by a preponderance of the evidence. United States v. Young, 33 F.3d 31, 32 (9th Cir. 1994).
 
 
 10
 Here, the weapon was not recovered. The victim, however, testified that, as she stood "[n]ot even a foot" from the car, the passenger pointed a gun at her. She said it was a black automatic, not a rifle. The presentence report relays that the victim "described the gun used as having a four- to five-inch barrel, possibly a semiautomatic pistol." The district court found the victim's testimony clear and credible, and noted that she believed it was a gun and "gave up her mail in accordance with that" belief.
 
 
 11
 Meloncon challenges the finding because the weapon was not recovered and the victim admitted she was not an expert in weapons by testifying that "I'm not good at guns." he argues, therefore, that the district court should have applied only a three-level increase for the display of a dangerous weapon. U.S.S.G. Sec. 2B3.1(b)(2)(E) & comment. (n.2) (an object that appears to be a dangerous weapon is treated as a dangerous weapon). Nonetheless, we conclude that the district court's factual finding was not clearly erroneous. Cf. United States v. Robinson, 35 F.3d 442, 449-50 (9th Cir. 1994) (although police had lost marijuana plants by time of trial, a police officer's testimony to the number of plants he saw in defendant's house was enough to establish sentencing fact by a preponderance of evidence); Randall v. United States, 215 F.2d 587, 589 (9th Cir. 1954) (although gun had not been discharged and had not been recovered for trial, there was sufficient circumstantial evidence to establish beyond a reasonable doubt that defendant used a loaded gun during aggravated assault).
 
 
 12
 Meloncon further argues that his co-defendant's possession of the gun was unforeseeable. We review for plain error because Meloncon did not articulate this objection in the district court. United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir. 1992). Based on Meloncon's integral role in the robbery, his close proximity to his armed companion in the car, and his control of the car, we find no plain error. U.S.S.G. Sec. 1B1.3, comment. (n.1) (defendant liable for all reasonably foreseeable acts of others in jointly-undertaken criminal activity).
 
 III
 Obstruction of Justice Adjustment
 
 13
 Meloncon argues that the district court clearly erred by adjusting his offense level after finding that his trial testimony was false. Specifically, Meloncon argues that the district court imposed the obstruction of justice adjustment merely because the jury returned a verdict contrary to his trial testimony.
 
 
 14
 We discern no clear error. See United States v. Acuna, 9 F.3d 1442, 1444 (9th Cir. 1993). The district court reviewed the record and independently determined that Meloncon committed perjury. See United States v. Dunnigan, 113 S. Ct. 1111, 1117 (1993). The district court's factual findings -- that Meloncon's testimony that he remembered the day in question and was at home talking on the telephone at the time of the robbery was a lie because he had participated in the robbery -- covered the elements of perjury. See id. (specific finding that testimony was false, material, and wilful are preferred, but general findings are acceptable); United States v. Arias-Villanueva, 998 F.2d 1491, 1512-13 (9th Cir.) (generalized finding sufficient because it encompassed all the factual predicates for a finding of perjury), cert. denied, 114 S. Ct. 359 and 573 (1993).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3