Mark A. EVANS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7474.

Court of Appeals of Alaska.

Feb. 23, 2001.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Mark A. Evans was indicted on eleven counts of sexually abusing a minor. He ultimately pleaded no contest to one count of first-degree sexual abuse (Count I of the indictment), and the State dismissed the others.

A pre-sentence report was prepared by the Department of Corrections; this report included a lengthy description of the criminal investigation and details of the various alleged incidents of sexual abuse. At the sentencing hearing, Evans took the stand and denied that he had ever sexually abused the child. Based on this testimonial denial, Evans's attorney asked Superior Court Judge Richard D. Savell to strike the pre-sentence report's narrative of the investigation and its description of the various alleged offenses. Judge Savell refused to do this, but he did make a notation on the pre-sentence report that Evans "has denied under oath that the [alleged instances] of sexual misconduct occurred" and that "[e]vidence supports" many of Evans's denials.

Evans now appeals Judge Savell's refusal to redact the pre-sentence report. He concedes that Judge Savell was entitled to read everything in the report, but he argues that Judge Savell was obliged to redact the report after its allegations of sexual misconduct were challenged, so that the final copy of the report—the copy that becomes a part of Evans's Department of Corrections file—would contain no unverified allegations of misconduct.

Evans's case is controlled by Criminal Rule 32.2(a)(3) and by our decisions in *Hamilton v. State*[1] and *Ashenfelter v. State*[2].

*Evans's right to seek redaction of the presentence report*

Alaska law gives both the State and the defendant the opportunity to dispute "any information [contained] in the presentence report or in any other material [that] the judge or [the] opposing party has identified as a source of information to be relied on at sentencing".[3] When either party successfully challenges allegations contained in the presentence report, or when the sentencing judge decides to leave one or more challenges unresolved because the disputed facts make no difference to the sentencing decision, Criminal Rule 32.2(a)(3) requires the sentencing judge to redact the pre-sentence report:

> (3) Allegations that the judge finds are not established, or [allegations] that the judge determines will not be considered [in the sentencing decision], shall be deleted from the judge's copy of the presentence report. The judge shall enter on the judge's copy of the presentence report any corrections that [the judge] makes. The judge's corrected copy shall [then] be designated as the "Approved Version." The judge shall send a copy of the approved version to the Department of Corrections.

█ In the present case, Evans disputed essentially every allegation of sexual misconduct contained in the pre-sentence report. The State was therefore obliged to substantiate these allegations (with the exception of

1. 771 P.2d 1358 (Alaska App.1989).

2. 988 P.2d 120 (Alaska App.1999).

3. Alaska Criminal Rule 32.1(d)(1)(B).

the count to which Evans pleaded no contest). Under Criminal Rule 32.2(a)(3), if the State failed to substantiate the allegations, or, alternatively, if Judge Savell concluded that there was no need to resolve the disputed allegations, Evans was entitled to have those allegations removed from the pre-sentence report.

As explained above, Judge Savell tried to resolve these issues by annotating the pre-sentence report—adding handwritten comments that (1) the allegations of sexual misconduct were contested and that (2) there was evidence to support Evans's attack on some of these allegations. The judge's actions did not comply with Criminal Rule 32.2(a)(3).[4] Judge Savell was obliged to resolve the disputed allegations or expressly declare that he did not need to resolve them (and then order them removed from the pre-sentence report).

*Litigation of the disputed allegations of sexual misconduct*

■ The remaining questions in this appeal concern the procedural rules that govern the litigation of the disputed allegations of sexual misconduct. Our decisions in *Hamilton* and *Ashenfelter* articulate those rules.

■ In *Hamilton*, this court adopted a rule restricting the use of hearsay evidence at sentencing: when a defendant denies the State's hearsay allegations under oath and submits to cross-examination, the State is then obliged either to produce its witnesses in court or prove that the witnesses are unavailable and that the circumstances tend to confirm the witnesses' veracity.[5]

■ In *Ashenfelter*, we recognized a limitation on this rule: defendants are not entitled to deny their factual guilt of the charges to which they have pleaded guilty or no contest.[6] As explained above, Evans pleaded no contest to one count of first-degree sexual abuse of a minor (Count I of the indictment).

Judge Savell could properly disregard Evans's claim of innocence regarding this count, even though that claim was made under oath.[7]

Because Evans took the stand and denied all wrongdoing, and because the State thereafter declined to present its witnesses in court, our decisions in *Hamilton* and *Ashenfelter* require the following result with respect to the allegations of sexual misconduct contained in the pre-sentence report: Judge Savell was still entitled to rely on the allegations specifically relating to Evans's guilt of Count I, but the judge could no longer rely on the hearsay assertions of out-of-court declarants to support the other allegations of sexual misconduct contained in the pre-sentence report.

■ The next question is whether Judge Savell heard anything but inadmissible hearsay assertions of out-of-court declarants. He did.

The victim's mother testified at the sentencing hearing, so Judge Savell could rely on her testimony. And, of course, Judge Savell could rely on Evans's own testimony.

We note, in particular, that during Evans's testimony at the sentencing hearing, he admitted making arguably incriminatory statements during an earlier taped telephone conversation with the victim's mother. In this telephone conversation, Evans stated that he had touched the victim and that the victim had touched him. (The victim's mother also described this telephone conversation during her testimony.) Because testimony was presented at the sentencing hearing to support the assertion that Evans made these statements, the *Hamilton* rule no longer barred Judge Savell from considering these out-of-court statements when he resolved Evans's challenges to the allegations of sexual misconduct contained in the pre-sentence report.

Moreover, the *Hamilton* rule did not bar Judge Savell from considering the mother's words during this earlier telephone conversa-

---

4. *See Cragg v. State*, 957 P.2d 1365, 1368 (Alaska App.1998).

5. *See Hamilton*, 771 P.2d at 1362–63; *Ashenfelter*, 988 P.2d at 125–26.

6. *Ashenfelter*, 988 P.2d at 123 (citing *Scott v. State*, 928 P.2d 1234, 1238 (Alaska App.1996)).

7. *Id.*

tion with Evans so long as the mother's statements were not offered for the truth of any matters asserted, but rather to provide the context for interpreting the meaning of Evans's statements. Offered to provide the context for Evans's statements, the mother's statements were not hearsay.[8]

Of course, it was up to Judge Savell to determine what Evans's statements meant, and what events Evans was referring to. When Evans testified about these out-of-court statements, he insisted that he had been referring to innocent touchings that occurred during bathing. This was an issue of fact to be resolved by Judge Savell.

*Conclusion: we remand this case to the superior court*

Now that we have clarified the superior court's task and the law governing the superior court's accomplishment of that task, we remand Evans's case to Judge Savell. Governed by the rules announced in *Hamilton* and *Ashenfelter*, Judge Savell should decide whether the State has proved the disputed allegations of sexual misconduct or, alternatively, the judge should expressly find that the disputed allegations need not be resolved. He should then redact the pre-sentence report in accordance with Criminal Rule 32.2(a)(3).

This case is REMANDED to the superior court for further proceedings in conformity with this opinion. We do not retain jurisdiction of this case.

---

8. *See Linne v. State,* 674 P.2d 1345, 1356 n. 8 (Alaska App.1983).