Jeremy L. COOPER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9426.

Court of Appeals of Alaska.

March 9, 2007.

Dan S. Bair, Assistant Public Advocate, and Chad W. Holt, Supervising Assistant Public Advocate, Anchorage, for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Jeremy L. Cooper was convicted of first-degree robbery and second-degree assault. Cooper was a second felony offender, having previously been convicted of third-degree assault. As a consequence of this prior felony conviction, Cooper faced a 10–year presumptive term of imprisonment for the first-degree robbery conviction and a 4–year presumptive term of imprisonment for the second-degree assault conviction (under Alaska's pre-March 2005 presumptive sentencing law).[1]

The State alleged one aggravating factor under AS 12.55.155(c): (c)(20)—that Cooper had been on felony probation or parole (from his prior conviction for third-degree assault) at the time he committed his present crimes.

Even though Cooper's sentencing proceedings took place in the summer of 2005—*i.e.*, long after the United States Supreme Court decided *Blakely v. Washington*[2]—Cooper did not contest the State's proposed aggravator, nor did he ask the superior court to schedule a jury trial on this aggravator.

In Cooper's pre-sentencing brief (which was filed in May 2005), his attorney conceded this aggravator. In fact, Cooper's attorney pointed out that, based on Cooper's commission of the two new felonies, the superior court had already found that Cooper had violated the conditions of his probation from the prior felony. And at Cooper's sentencing hearing, his attorney expressly told Superior Court Judge Harold M. Brown that Cooper was willing to stipulate that aggravator (c)(20) was proved:

> *The Court* [to the defense attorney]: If I read your sentencing brief correctly, you are willing to stipulate to the existence of aggravator [ (c) ](20) ..., that [Cooper]

was ... on parole or probation for another felony charge—specifically, his prior conviction for assault in the third degree.

> *Defense Attorney:* That is correct, Your Honor.

Based on this aggravating factor, Judge Brown added 3 years of suspended imprisonment to Cooper's 10–year presumptive term for the robbery conviction; that is, Judge Brown sentenced Cooper to 13 years with 3 years suspended. Judge Brown did not increase Cooper's 4–year presumptive term for the second-degree assault conviction; moreover, the judge imposed this 4–year term of imprisonment concurrent to Cooper's robbery sentence.

■ On appeal, Cooper contends that Judge Brown committed plain error under *Blakely* when the judge accepted the defense attorney's concession of aggravator (c)(20), rather than addressing Cooper himself and asking Cooper whether he, personally, was willing to waive his right to jury trial on this aggravator. Cooper concedes that he did not raise this claim in the superior court, and that he therefore must show plain error on appeal.

In *Paige v. State*, 115 P.3d 1244, 1248 (Alaska App.2005), a case that dealt with a pre-*Blakely* sentencing, we held that the sentencing judge did not commit plain error under *Blakely* when the judge relied on an aggravating factor that the defense attorney conceded. Cooper's sentencing occurred after *Blakely*, but we reach the same conclusion: Judge Brown did not commit plain error when he relied on the defense attorney's concession of aggravator (c)(20).

Even though one might reasonably argue that, after *Blakely*, a sentencing judge must personally address the defendant and obtain a knowing waiver of the right to jury trial,[3]

---

1. *See* AS 11.41.500(b) (first-degree robbery is a class A felony); former AS 12.55.125(c)(3) (pre-March 2005 version) (specifying a 10–year presumptive term for second felony offenders convicted of a class A felony); AS 11.41.210(b) (second-degree assault is a class B felony); former AS 12.55.125(d)(1) (pre-March 2005 version) (specifying a 4–year presumptive term for second felony offenders convicted of a class B felony).

2. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

3. *Compare McGlauflin v. State*, 857 P.2d 366, 369 (Alaska App.1993) ("It may seem natural to assume that a defendant would make a decision of this importance only after consulting with defense counsel, and that any competent defense attorney would carefully explain the right to jury trial and the reasons why, in a particular case, it might further the defendant's interests to waive

this is only one potential resolution of the issue. Several courts have rejected this argument. *See Chupp v. State,* 830 N.E.2d 119, 126 n. 12 (Ind.App.2005) (a defendant's failure to object to information contained in the pre-sentence report is "tantamount to an admission [of] the accuracy of the facts contained therein" for purposes of *Blakely); Caron v. State,* 824 N.E.2d 745, 755 (Ind. App.2005) (there was no *Blakely* error when the defense attorney acknowledged the accuracy of pertinent information recited in the pre-sentence report); *Trusley v. State,* 829 N.E.2d 923, 925–26 (Ind.2005) (holding that the defense attorney's statement during the plea colloquy constituted an admission of fact relevant to the sentence enhancement); *State v. Leake,* 699 N.W.2d 312, 324–25 (Minn. 2005) (the sentencing judge did not violate *Blakely* by relying on facts admitted by the defendant as part of a plea agreement); *State v. Miranda–Cabrera,* 209 Ariz. 220, 99 P.3d 35, 41–42 (App.2004) (holding that a defendant's admissions at trial were admissions of fact for purposes of *Blakely* ).

Thus, Cooper's position in this appeal is no more than debatable. Reasonable judges could differ as to whether a sentencing judge must obtain the defendant's personal waiver of the right to jury trial with regard to aggravating factors when the existence of those aggravators is expressly conceded, or when the existence of the aggrava-

tors is plain from the record and is not disputed. And because reasonable judges could differ as to what the law requires in this situation, Judge Brown did not commit plain error when he relied on the defense attorney's concession of aggravator (c)(20).[4]

Moreover, Cooper's claim of plain error fails for another reason. Cooper has never disputed that he was, in fact, on felony probation and/or parole at the time he committed the offenses in this case. In other words, there is no reasonable possibility that, if aggravator (c)(20) had been submitted to a jury, the jury would have found in Cooper's favor on this issue.

In *Snelling v. State,* 123 P.3d 1096, 1098–99 (Alaska App.2005), we held that, in such circumstances, any *Blakely* error in failing to present aggravator (c)(20) to a jury is harmless beyond a reasonable doubt, and thus the error does not require alteration or vacation of the defendant's sentence. Our decision in *Snelling* is dispositive of Cooper's claim.

The judgement of the superior court is AFFIRMED.

this right. Nevertheless, ... the rule [in Alaska is] that a defendant's waiver of jury trial cannot be upheld upon such an assumption; instead, the record must explicitly demonstrate that the defendant understood and personally relinquished the right to trial by jury.")

4. *See, e.g., Simon v. State,* 121 P.3d 815, 820 (Alaska App.2005): "To be 'plain error', an error must be so obvious that any competent judge or attorney would have recognized it. If a claim of error is reasonably debatable-if reasonable judges could differ on what the law requires-then a claim of plain error fails." (Footnotes omitted)