**Nick N. CHARLIAGA, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–9282.

Court of Appeals of Alaska.

May 18, 2007.

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

The sole issue presented in this appeal is whether the superior court should have struck all information relating to an alleged incident of sexual abuse of a minor from the defendant's pre-sentence report.

Nick N. Charliaga Jr. pleaded no contest to second-degree sexual abuse of a minor.

In preparation for Charliaga's sentencing, the Department of Corrections submitted a pre-sentence report. Pursuant to Alaska Criminal Rule 32.1(d)(5), Charliaga filed various objections to the information in this pre-sentence report. All but one of these objections were resolved to Charliaga's satisfaction. Charliaga's remaining objection pertained to the allegation that, in 1997 (*i.e.*, approximately seven years before Charliaga's present offense), he sexually abused a thirteen-year-old girl named J.L.

The pre-sentence report contained J.L.'s description of this offense. The report also related that J.L.'s mother brought this incident to the attention of the State Troopers, that an investigator questioned Charliaga about this matter, and that Charliaga "admitted ... touching J.L. in her groin area above her clothes". According to the pre-sentence report, Charliaga also told the investigator that he believed that J.L. was between twelve and fourteen years old, and that "he stopped [touching J.L.] because he knew what he was doing was wrong".

At the sentencing hearing, Charliaga took the stand to testify about this incident. He admitted that he had confessed to the trooper investigator. In particular, Charliaga conceded that he told the trooper that he placed his hands on J.L.'s groin, inside her shorts but outside her panties. Nevertheless, Charliaga claimed that his confession was false. He now asserted that he was innocent of this sexual misconduct, and that he had confessed only because the trooper was apparently already convinced of his guilt.

After hearing Charliaga's testimony, Superior Court Judge Joel H. Bolger concluded that Charliaga was not telling the truth about his earlier confession. The judge found that the earlier confession was true, and that Charliaga's proposed explanation for making that earlier confession was false. Having made this finding, Judge Bolger declined to remove the challenged information from the pre-sentence report.

Under Alaska law, in sentencing proceedings, the State can normally rely on hearsay allegations of a defendant's other misconduct—but not if the defendant takes the stand, denies the allegation, and submits to cross-examination regarding the matter. In that case, the State must either support its allegation with live testimony or, alternatively, prove that the hearsay declarant is not available to testify and furnish information to support the hearsay declarant's credibility.[1]

Here, Charliaga took the stand and denied having sexually abused J.L. At the same time, however, Charliaga admitted that he had, in fact, confessed to this crime when he was questioned by the trooper investigator.

When Charliaga acknowledged making the earlier confession, he in essence conceded that certain assertions contained in the disputed portion of the pre-sentence report were true: in particular, the fact that a trooper investigator was sent to interview Charliaga regarding an allegation of sexual abuse involving J.L., and that, during this interview, Charliaga confessed that he had engaged in sexual contact with J.L., believing that she was underage, and that he knew at the time that his conduct was improper. Thus, the State did not have to produce any additional testimony to support these assertions.

The main question remaining to be resolved, then, was whether Judge Bolger believed Charliaga's current testimony—*i.e.*, Charliaga's assertion that his earlier confession was false.

This Court confronted a similar situation in *Evans v. State*, 23 P.3d 650 (Alaska App. 2001). The pre-sentence report in *Evans* contained assertions that the defendant had engaged in various uncharged acts of sexual abuse of a minor. Evans took the stand at his sentencing hearing and denied that he had committed these acts of sexual abuse.[2] However, during his testimony, Evans admitted that he had made arguably incriminatory statements during an earlier taped telephone conversation with the victim's mother.[3]

---

1. *Evan v. State*, 899 P.2d 926, 929 (Alaska App. 1995); *Hamilton v. State*, 771 P.2d 1358, 1362–63 (Alaska App.1989).

2. *Evans*, 23 P.3d at 651.

3. *Id.* at 652.

In this telephone conversation, Evans stated that he had touched the victim, and that the victim had touched him.[4] We concluded that, because the sentencing judge heard admissible testimony that Evans had made these statements,

> the *Hamilton* rule no longer barred [the sentencing judge] from considering these out-of-court statements when [the judge] resolved Evans's challenges to the allegations of sexual misconduct contained in the pre-sentence report.
>
> . . .
>
> Of course, it was up to [the sentencing judge] to determine what Evans's statements meant, and what events Evans was referring to. When Evans testified about these out-of-court statements, he insisted that he had been referring to innocent touchings that occurred during bathing. This was an issue of fact to be resolved by [the sentencing judge].

*Evans*, 23 P.3d at 652–53.

Judge Bolger was faced with a similar task in Charliaga's case. In his testimony at the sentencing hearing, Charliaga admitted that he had previously confessed to sexually abusing J.L., but he now contended that his confession was false. It was up to Judge Bolger to resolve this question of fact.

After hearing Charliaga's offered explanation for this confession (and observing Charliaga on the stand), Judge Bolger concluded that Charliaga was not telling the truth in his testimony at the sentencing hearing. In other words, Judge Bolger concluded that Charliaga's earlier confession was, in fact, a truthful account of events, and that Charliaga's later explanation for this confession was untruthful.

This being so, the pre-sentence report could properly contain assertions concerning Charliaga's sexual abuse of J.L. to the extent that these assertions were supported either by Charliaga's testimony at the sentencing hearing or by Charliaga's earlier confession.

With regard to Charliaga's earlier confession, the pre-sentence report could properly contain a description of the statements that Charliaga made to the trooper investigator, as well as any background facts that were necessary to understand the meaning or significance of Charliaga's statements to the investigator. These background facts would not be barred by the hearsay rule, because their purpose would not be to provide direct proof of the matters asserted, but rather to provide the context for understanding Charliaga's statements.[5]

■ However, some of the details that currently appear in Charliaga's pre-sentence report fall outside the statements that Charliaga made at the sentencing hearing, the statements he made to the trooper, and the background facts necessary to understand his statements to the trooper. These additional details of the offense, which were apparently supplied by J.L. (either to her mother or directly to the state troopers) should be struck from the pre-sentence report—because J.L.'s description of the offense is hearsay, because Charliaga offered a testimonial denial, and because the State made no effort to prove that J.L. was unavailable as a witness.

For these reasons, we affirm the superior court's main ruling—that the pre-sentence report can properly contain the allegation that Charliaga sexually abused J.L. However, Charliaga is entitled to have some of the details of this allegation redacted from the pre-sentence report.

The details contained in Charliaga's testimony at the sentencing hearing can remain in the pre-sentence report, as well as the details contained in Charliaga's statements to the investigator, supplemented with any other background facts that are necessary to understand Charliaga's statements to the investigator. But Charliaga is entitled to the excision of any details that fall outside these three categories.

(In his reply brief, Charliaga raises an additional argument as to why the allegation of sexual abuse should have been struck from the pre-sentence report. We do not address

---

4. *Id.*

5. *See Evans v. State,* 23 P.3d 650, 652–53 (Alaska App.2001); *Linne v. State,* 674 P.2d 1345, 1356 n. 8 (Alaska App.1983).

this argument further because arguments presented for the first time in a reply brief are waived.) [6]

We remand Charliaga's case to the superior court with directions to redact some of the details of the discussion at pages 5–6 of the pre-sentence report, employing the rules explained here.

We do not retain jurisdiction of this appeal.

---

**6.** *Petersen v. Mutual Life Ins. Co. of New York,* 803 P.2d 406, 411 (Alaska 1990); *Hitt v. J.B.* *Coghill, Inc.,* 641 P.2d 211, 213 n. 4 (Alaska 1982).