**Terrance A. GARLAND, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–9790.**

Court of Appeals of Alaska.

Dec. 7, 2007.

Morgan White, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Michelle Tschumper, Assistant District Attorney, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

Terrance A. Garland appeals the superior court's denial of his request to strike a portion of the presentence report prepared following his change of plea. Garland sought to exclude a report that was compiled by a California sheriff's office as a result of an investigation into a possible sexual assault committed by Garland. We affirm the superior court because Garland declined to enter a testimonial denial of the assertions in the report.

*Background facts and proceedings*

In December 2005, a Sand Point policeman filed a complaint charging Garland with one count of first-degree sexual abuse of a minor.[1] On May 16, 2006, Garland filed a request for a change of plea, informing the court that the parties had reached a plea

---

1. AS 11.41.434(a)(3)(A), (B).

agreement. According to the request, Garland would enter a plea to one count of second-degree sexual abuse of a minor.[2] Garland also agreed to concede that statutory aggravator AS 12.55.155(c)(10) applied (Garland's conduct constituting the offense was among the most serious within the definition of the offense). According to the plea agreement, Garland agreed that the court would impose a 6–year term with 3 years suspended if the court accepted the plea agreement. The agreement called for the Department of Corrections to prepare a standard presentence report and for the court to impose, and Garland to agree to, the usual conditions of probation imposed for sex offenders.

The State filed an information charging second-degree sexual abuse of a minor. Garland waived indictment and entered a no contest plea. Superior Court Judge pro tem Daniel Schally ordered a presentence report.

The presentence report included a report from the Shasta County Sheriff's Department in California that was more than thirty pages long. The report addressed a 1997 sexual assault in which Garland was the identified suspect.

Pursuant to Criminal Rule 32.1(d)(5), Garland objected to the Shasta County report, claiming that the report was irrelevant, that it was hearsay, and that the sentencing judge's reliance on this information would violate Garland's right to confrontation. In its opposition, the State pointed out that if Garland intended to dispute this information, he had to enter a testimonial denial and submit to cross-examination. In reply, Garland claimed that the information in the Shasta County report was not relevant to the court's sentencing decision because the parties had reached a plea agreement. Therefore, Garland argued, the Shasta County report should be deleted because it was not relevant to the court's decision whether to accept the plea agreement or the court's

decision on what probation conditions to impose. Judge Schally declined to delete the Shasta County report.

*Discussion*

Garland renews his argument on appeal. Garland relies on our discussion in *Evans v. State*[3] of the responsibility of a sentencing judge when a defendant disputes allegations in a presentence report of misconduct other than the offense for which the defendant was convicted.[4] Garland points out that we held in *Evans* that former Criminal Rule 32.1 required a judge to resolve disputed allegations in a pre-sentence report, or, if the judge expressly elected not to resolve a disputed allegation, to delete the allegation.[5]

However, in *Evans,* unlike this case, the defendant took the stand, denied the allegations under oath, and subjected himself to cross-examination.[6] Furthermore, the Alaska Supreme Court substantially amended Criminal Rule 32.1 after the *Evans* decision.[7] Criminal Rule 32.1(f)(5) provides in pertinent part as follows:

> The court shall enter findings regarding any disputed assertion in the presentence report. Any assertion that has not been proved shall be deleted from the report; any assertion that has been proved only in part shall be modified in the report. Alternatively, if the court determines that the disputed assertion is not relevant to its sentencing decision so that resolution of the dispute is not warranted, the court shall delete the assertion from the report without making any finding.

The present rule requires a sentencing court to enter findings on disputed assertions in the presentence report. If an assertion in the presentence report is not relevant to the court's sentencing decision, the court has the option to avoid resolution of the issue by simply deleting the assertion. However, Garland does not argue that the amendment to the rule enacting Rule 32.1(f)(5) eliminated

---

**2.** AS 11.41.436(a)(2).

**3.** 23 P.3d 650 (Alaska App.2001).

**4.** *Id.* at 651–52.

**5.** *Id.* at 651.

**6.** *Id.*

**7.** *See* Supreme Court Order No. 1464, effective March 5, 2002.

the requirement that a defendant take the stand and testify subject to cross-examination in order to deny a hearsay allegation of verified misconduct contained in a presentence report.[8]

Because Garland did not take the stand and deny the allegations in the Shasta County report, the superior court was not faced with a "disputed assertion" that the superior court was required to resolve. Accordingly, the superior court was not required to delete the Shasta County report.

*Conclusion*

The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, concurring.

I write separately to more fully explain my analysis of the legal issues presented in this appeal. These issues concern the relationship between Alaska Criminal Rule 32.1(d), Alaska Criminal Rule 32.1(f), and this Court's decisions in *Evans v. State*, 23 P.3d 650 (Alaska App.2001), and *Hamilton v. State*, 771 P.2d 1358 (Alaska App.1989)—decisions which hold that a sentencing judge can rely on verified hearsay information contained in the pre-sentence report for proof of the matters asserted, unless the defendant offers a testimonial denial of that information and submits to cross-examination.[1]

Garland was initially indicted for first-degree sexual abuse of a minor. He and the State proposed to resolve the case by having Garland plead no contest to the reduced charge of second-degree sexual abuse of a minor. In addition, the plea agreement called for Garland to receive a specific sentence: 6 years' imprisonment with 3 years suspended.

Before deciding whether to accept this proposed disposition of the case, Superior Court Judge Daniel Schally ordered a pre-

sentence report. When this pre-sentence report was prepared, it contained information concerning a 1997 sexual assault case in which Garland was the suspect.

Alaska Criminal Rule 32.1(d)(5) states that, if a defendant objects to any information in the pre-sentence report, the defendant shall notify the court and the government of the objection, shall "state the basis for the ... objection", and shall supply "any information upon which the defendant intends to rely" in refuting the objected-to information in the pre-sentence report.

Garland filed an objection to the information about the 1997 sexual assault. However, Garland did not directly assert that this information was untrue, nor did he offer any contrary information. Rather, Garland argued that the information was "irrelevant", that it was "hearsay", and that the sentencing judge's reliance on this information would violate Garland's right to confrontation.

Garland argued that the information was irrelevant because his plea agreement called for imposition of a specified sentence. Thus, Garland contended, the information had no significance because his sentence would remain the same regardless of whether he committed the 1997 sexual assault. But Judge Schally had not yet decided whether to accept the plea agreement—and the fact that Garland might have committed another sexual offense had obvious relevance to Judge Schally's decision.

Garland also argued that the information was hearsay. This is clearly correct: the information was derived from out-of-court statements that were being offered to prove the truth of the matters asserted.[2] However, under the Alaska Supreme Court's decision in *Nukapigak v. State*, 562 P.2d 697 (Alaska 1977),[3] a sentencing judge can rely on hearsay statements if they are "sufficiently verified to appear trustworthy and the defendant [is] given the opportunity to deny [the truth

---

**8.** *See Hamilton v. State*, 771 P.2d 1358, 1362–63 (Alaska App.1989); *see also Nukapigak v. State*, 576 P.2d 982, 984 (Alaska 1978) (accepting the use of verified hearsay information at sentencing).

**1.** *Evans*, 23 P.3d at 652; *Hamilton*, 771 P.2d at 1362–63.

**2.** *See* Alaska Evidence Rule 801(c).

**3.** *Affirmed on rehearing*, 576 P.2d 982 (Alaska 1978).

of the statements] or present contrary evidence of his own." [4]

Garland argues that the government can not rely on such hearsay accusations unless those accusations have led to a grand jury indictment or to some other form of criminal charge that has been independently screened and declared to be well-founded. Garland is wrong. The hearsay accusations in *Nukapigak* included third-hand hearsay accusations made by villagers, communicated to the village council, and then passed on to the author of the pre-sentence report. It seems that none of these accusations had ever been the subject of a criminal charge. And yet the Alaska Supreme Court held that the sentencing judge could properly rely on this information.

Finally, Garland argued that use of the information regarding the 1997 sexual assault would violate his right of confrontation. But we held in *Evans* and *Hamilton* that a criminal defendant has only a limited right of confrontation in sentencing proceedings. Before a defendant can demand that the government support its sentencing allegations with in-court testimony, the defendant must deny the allegations under oath and submit to cross-examination. Garland did not do that. Thus, the inclusion of hearsay information in the pre-sentence report did not violate Garland's right of confrontation.

In other words, Judge Schally properly rejected all three of Garland's objections to the inclusion of this information in the pre-sentence report.

On appeal, Garland raises two new claims.

First, he argues that this Court's decisions in *Evans* and *Hamilton* contravene the Alaska Constitution's guarantee against compelled self-incrimination (Article I, Section 9). As just explained, *Evans* and *Hamilton* stand for the proposition that if Garland wished to contest the information concerning the 1997 sexual assault, he had to take the stand, deny the assault under oath, and submit to cross-examination. Garland asserts that, because he might still be prosecuted for the 1997 sexual assault, it is unconstitutional to require him to give testimony and submit to cross-examination concerning this event.

Garland did not raise this argument in the superior court, so he must now show plain error. He has not done so. Garland makes the bald assertion that the rule of *Evans* and *Hamilton* is unconstitutional, but he offers no legal authority to support his position. Whatever merit Garland's argument might have, it is no more than debatable. Reasonable judges could conclude that this Court's decisions in *Evans* and *Hamilton* do not contravene the Alaska Constitution. Thus, Garland has failed to show plain error.[5]

Second, Garland argues that once Judge Schally decided to adopt the proposed plea agreement, the judge was obliged to delete the information concerning the 1997 sexual assault from the pre-sentence report.

Garland relies on Alaska Criminal Rule 32.1(f)(5), which states that "if the [sentencing] court determines that [a] disputed assertion is not relevant to its sentencing decision[,] so that resolution of the dispute is not warranted, the court shall delete the assertion from the report without making any finding."

Garland points out that, when this matter was discussed at the sentencing hearing, Judge Schally declared that the 1997 sexual assault "[was] not necessarily relevant to the sentence that [he was] going to impose". Garland argues that, given Judge Schally's conclusion that the 1997 sexual assault was not relevant, the judge was obliged under Rule 32.1(f)(5) to delete all mention of that incident from the pre-sentence report.

Garland's argument fails for two reasons.

First, although the 1997 sexual assault may no longer have been relevant to Judge Schally's sentencing decision *after* he decided to accept the proposed negotiated sentence, the 1997 sexual assault was obviously relevant to Judge Schally's decision to accept or reject that negotiated sentence. Judge Schally never said otherwise.

---

**4.** *Nukapigak,* 562 P.2d at 701; *affirmed on rehearing,* 576 P.2d at 984–85.

**5.** *Cooper v. State,* 153 P.3d 371, 373 (Alaska App.2007); *Simon v. State,* 121 P.3d 815, 820 (Alaska App.2005).

Second, Rule 32.1(f)(5) applies only to assertions of fact that are disputed. As I pointed out above, and as Judge Stewart points out in the lead opinion, Garland never fulfilled the procedural requirements for contesting the pre-sentence report's information about the 1997 sexual assault. Thus, this information was not "disputed" for purposes of Rule 32.1(f).

For these reasons, I concur in this Court's resolution of Garland's appeal.