Harrietta ULAK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10174.

Court of Appeals of Alaska.

Sept. 3, 2010.

Marjorie K. Allard, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Harrietta Ulak pleaded guilty to assault in the third degree for injuring C.S. on more than one occasion, and Ulak admitted the aggravating factors that C.S. was a particularly vulnerable victim, and that her conduct manifested deliberate cruelty. At her sentencing hearing, however, Ulak denied that she had ever injured C.S. deliberately, and she requested that the superior court excise from the presentence report her grandchildren's hearsay statements that she had deliberately abused C.S. on numerous occasions. We remand the case and direct the superior court to determine the factual basis for Ulak's plea. If the grandchildren's statements comprise the factual basis for Ulak's plea and the aggravating factors she admitted, these statements may remain in the presentence report.

### Background

C.S. was a three-year-old child that Ulak and her husband took into their home approximately nine months before this case arose. The State indicted Ulak on four counts of assault for repeatedly beating C.S. Ulak entered into a plea agreement in which she agreed to plead guilty to one count of assault in the third degree for "recklessly caus[ing] physical injury to a child under 10 years of age on more than one occasion." [1] Ulak also agreed to admit two aggravating factors: that her conduct during the commission of the offense manifested deliberate cruelty to C.S., and that she knew or reasonably should have known that C.S. was particularly vulnerable due to her extreme youth.[2]

Prior to the sentencing hearing, Ulak objected to several hearsay assertions made by her grandchildren that were included in the presentence report. In response, the State argued that Ulak was not entitled to deletion of these statements because the statements formed the factual basis for her guilty plea.

All of the disputed statements concerned Ulak's infliction of physical injury upon C.S. Ulak disputed the statements of her granddaughter, Kenny: that Ulak tried to kill C.S., punched C.S. hard enough to give her two

1. AS 11.41.220(a)(1)(C)(ii).

2. AS 12.55.155(c)(2) & (c)(5).

black eyes and a broken nose, pulled her hair, put a knife to her throat, and poked her in the stomach with a knife. Ulak also disputed the statements of her granddaughter, Mary Jane: that Ulak hit C.S. with a closed fist, kicked her, and frightened her with a knife. All of these statements arguably underlie the charge that Ulak admitted: that she recklessly caused physical injury to C.S. on more than one occasion.

The presentence report also contained additional evidence related to Ulak's offense. For example, when two social workers came to Ulak's house, they found that C.S. was moving very slowly and appeared to be in pain. Her face was completely swollen with dark purple bruises, and she had bruises on her neck and arms, dried blood on her nose and mouth, bald spots on her head, sores all over her head, and a cut across the back of her head. Her hair was singed on both sides of her head. But the social workers did not witness any of the abuse that had caused these injuries.

At the sentencing hearing, Ulak testified and denied the hearsay reports by her grandchildren. Ulak said that she spanked C.S. to discipline her, but that she never hit C.S. with a closed fist. Ulak denied that she ever hit C.S. deliberately for her personal satisfaction.

Ulak also called her husband, Paul Ulak, as a witness on her behalf. He described his wife as "a good mother." He testified that he had seen Ulak hit C.S., but denied that Ulak had ever used excessive force.

Superior Court Judge Marvin Hamilton denied Ulak's motion to strike her grandchildren's statements from the presentence report. Instead, he supplemented the record with Ulak's affidavit setting forth her competing version of events. Judge Hamilton imposed a sentence of 4 years with 1 year suspended, and Ulak now appeals.

### Discussion

 Upon a defendant's objection, a sentencing judge is required to determine the admissibility of assertions contained in the presentence report.[3] Ordinarily, verified assertions of prior misconduct are admissible for sentencing.[4] But when the defendant denies hearsay assertions regarding prior misconduct under oath, the State is required to prove that the declarants are unavailable or to present live testimony to support their assertions.[5] The sentencing judge then decides whether the assertions are true. If the assertions are not proven, then the judge must delete the assertions from the presentence report.[6]

 Special rules apply to assertions that relate to the charge under consideration at the sentencing hearing. A plea of guilty or no contest constitutes an admission that establishes the truth of the charge for sentencing purposes.[7] The factual assertions that underlie the offense are considered to be true even though the defendant might deny those assertions under oath. Therefore, even when the defendant testifies that he is innocent, the assertions underlying the offense should not be stricken from the presentence report.[8]

 The same rule applies to the facts that underlie any conceded aggravating factors. The prosecution is required to give notice of the factual basis for each factor that it alleges.[9] The sentencing judge is required to enter specific findings on aggravating fac-

**3.** Alaska R.Crim. P. 32.1(d)(5), (f)(5).

**4.** *Nukapigak v. State*, 562 P.2d 697, 701 (Alaska 1977).

**5.** *Hamilton v. State*, 771 P.2d 1358, 1362–63 (Alaska App.1989).

**6.** Alaska R.Crim. P. 32.1(f)(5).

**7.** *Ashenfelter v. State*, 988 P.2d 120, 123 (Alaska App.1999); *Scott v. State*, 928 P.2d 1234, 1238 (Alaska App.1996).

**8.** *Evans v. State*, 23 P.3d 650, 652 (Alaska App. 2001).

**9.** Alaska R.Crim. P. 32.1(c)(1).

tors as part of the sentencing process.[10] The defendant may waive his right to a trial or hearing by admitting these factors.[11] But even when the defendant admits an aggravating factor, the judge has a duty to ensure that there is a reasonable basis for the admission.[12] Accordingly, when the defendant makes such an admission, the facts that support the aggravating factor are deemed to be true for sentencing purposes.

We have not previously resolved the process that a judge should use to determine whether assertions in the presentence report underlie the offense to which the defendant has pleaded guilty or no contest, and therefore must remain in the report even if the defendant objects to the assertions. However, the answer is already provided in Alaska Criminal Rule 11(f) for defendants like Ulak, who enter a plea of guilty.

■ Rule 11(f) requires that "The court shall not enter a judgment upon a plea of guilty without first being satisfied that there is a reasonable basis for the plea." The court is required to explicitly determine that a guilty plea is supported by an adequate factual basis. A guilty plea that lacks an adequate factual basis is not a valid plea.[13] A similar inquiry also applies to ensure that a defendant understands the basis for his plea, even when the plea is "no contest." [14]

■■ The court is not required to conduct a trial or follow the rules of evidence when it determines the basis for a guilty plea.[15] But the court's inquiry should be sufficiently definite to establish that there is a factual basis for the plea:

> The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.[16]

This inquiry may be achieved by statements and stipulations of counsel, including references to the grand jury transcript, complaint affidavit, or police report.[17]

In the present case, the superior court did not determine the basis for Ulak's guilty plea before the judgment was entered. This omission prevented the court from making an accurate determination about whether the acts that Ulak's grandchildren described were the conduct underlying Ulak's conviction. On remand, the superior court must determine the factual basis for Ulak's plea using the methods described above.

The superior court also erred when it failed to determine whether the assertions to which Ulak objected had been proven. Assertions that are included in the factual basis for the plea need no further proof; the defendant's plea proves those assertions.[18] But other hearsay assertions that the defendant has denied under oath must be deleted, unless the State submits evidence showing that

**10.** AS 12.55.155(f)(1); Alaska R.Crim. P. 32.1(f)(2).

**11.** *Malutin v. State*, 198 P.3d 1177, 1184 (Alaska App.2009).

**12.** *Id.* at 1185.

**13.** *See Swensen v. Anchorage*, 616 P.2d 874, 880–81 (Alaska 1980); *Else v. State*, 555 P.2d 1210, 1215 n. 15 (Alaska 1976); *see generally* 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure*, § 179 (4th ed.2008).

**14.** *See Lamb v. Anderson*, 147 P.3d 736, 742 n. 47 (Alaska 2006); *Johnson v. State*, 739 P.2d 781, 784 n. 3 (Alaska App.1987).

**15.** *See People v. Watts*, 67 Cal.App.3d 173, 136 Cal.Rptr. 496, 500 (1977).

**16.** Advisory Committee's Note to the Amendment to Rule 11, Federal Rules of Criminal Procedure, 39 F.R.D. 69, 172 (1966); *see Jones v. State*, 215 P.3d 1091, 1095 (Alaska App.2009) (noting that Alaska Criminal Rule 11(f) was prompted by the amendment of the federal rule).

**17.** *See People v. Holmes*, 32 Cal.4th 432, 9 Cal. Rptr.3d 678, 84 P.3d 366, 372 (2004); *Watts*, 136 Cal.Rptr. at 500.

**18.** *Evans*, 23 P.3d at 652.

those assertions are true.[19]

It is not sufficient for the court to merely note the disputed assertions, or attach the defendant's version of the events to the presentence report. The court must delete the unproven assertions from the presentence report by marking them out so that they cannot be used for improper reference in the future. The court's corrected copy must be labeled the "approved version" of the presentence report, and delivered to the Department of Corrections within seven days after the sentencing hearing.[20]

Judge Coats's dissenting opinion suggests that it is now unfair for the sentencing judge to determine the factual basis for Ulak's plea. Judge Coats would apparently require the judge to delete the hearsay statements from the presentence report even if the deletion would leave a sentencing record without any description of the circumstances of Ulak's offense. But the circumstances of Ulak's offense are part of the statutory factors the sentencing judge is required to consider.[21] Thus Ulak has no right to have the facts that underlie her guilty plea and the aggravating factors she admitted stricken from the presentence report. Even if Ulak now denies these facts, they have been established, for purposes of the presentence report and the sentencing proceeding, based on Ulak's decision to enter a guilty plea.[22]

We realize that Rule 11(f) only requires a judge to ensure that there is a reasonable basis for a guilty plea before issuing the judgment. We note, however, that the trial court's failure to explicitly determine the factual basis for Ulak's guilty plea has resulted in a great deal of litigation on this issue. If trial judges determine the factual basis for a guilty or no contest plea at the time the plea is entered and accepted, this will avoid unnecessary disputes.

We therefore REMAND this case to the superior court for further proceedings. The court shall explicitly determine the factual basis for Ulak's guilty plea and the aggravating factors she admitted. The court shall then focus on the assertions in the presentence report that Ulak has disputed in her testimonial denials. The court may allow the State an opportunity to present testimony to corroborate the grandchildren's statements. The disputed assertions that are not proven either by Ulak's plea, admission, or other evidence shall be deleted from the report. We do not retain jurisdiction of this matter.

MANNHEIMER, Judge, concurring.

COATS, Chief Judge, concurring in part and dissenting in part.

MANNHEIMER, Judge, concurring.

Under Alaska law, when a defendant pleads guilty or no contest to a criminal charge, that plea limits the defendant's ability to contest issues of fact at sentencing. We held in *Ashenfelter v. State*, 988 P.2d 120 (Alaska App.1999), that defendants are not entitled to deny their factual guilt of the charges to which they have pleaded guilty or no contest. *Id.* at 123.[1] Thus, a sentencing judge can properly disregard a defendant's claim of innocence regarding the charge to which they have pleaded guilty or no contest, even when that claim of innocence is made under oath. *Evans v. State*, 23 P.3d 650, 652 (Alaska App.2001).

As explained in Judge Bolger's lead opinion, Ulak and the State chose to resolve the various criminal charges against Ulak by having Ulak plead guilty to a single count of third-degree assault under AS 11.41.220(a)(1)(C)(ii) (recklessly "caus[ing] physical injury to a child under 10 years of age on more than one occasion"), and by having Ulak concede aggravating factor AS 12.55.155(c)(2) (that "[her] conduct during the

19. *Id.*

20. Alaska R.Crim. P. 32.1(f)(5).

21. AS 12.55.005(1) & (4).

22. *See Evans,* 23 P.3d at 652; *Ashenfelter,* 988 P.2d at 123.

1. Citing *Scott v. State,* 928 P.2d 1234, 1238 (Alaska App.1996).

commission of the offense manifested deliberate cruelty to another person"). The problem in this case arises from the fact that the parties and the superior court went into the sentencing hearing without any clear understanding of what facts Ulak conceded when she entered this plea and admitted this aggravating factor.

Ulak took the stand and essentially denied any misconduct: she admitted that she had struck the child, but she contended that this had been normal discipline. She denied physically abusing the child, or injuring the child deliberately, or treating the child with cruelty. Then, based on this testimony, she demanded that the superior court redact the pre-sentence report by excising the statements attributed to her grandchildren, who told the authorities that Ulak deliberately abused the victim on numerous occasions.[2]

The State responded that, because Ulak pleaded guilty to recklessly injuring the victim on more than one occasion, and because Ulak conceded that she acted with manifest cruelty toward the victim, she was barred from disputing any of the information in the pre-sentence report.

The sentencing judge—Superior Court Judge Marvin Hamilton—decided to circumvent this legal problem by leaving the grandchildren's inculpatory assertions in the pre-sentence report, but supplementing the pre-sentence report with Ulak's exculpatory statements. All three members of this Court agree that this was error. Under Criminal Rule 32.1(f), Judge Hamilton was required to resolve the disputed factual issues.

Technically, Criminal Rule 32.1(f) offered Judge Hamilton another option: he could have declared that the disputed factual issues were irrelevant to his sentencing decision, and then deleted the inculpatory assertions from the pre-sentence report. However, in Ulak's case, the disputed accusations of child abuse go to the very heart of the State's case against Ulak. Because there was no trial (and thus no evidentiary record to support Ulak's assault conviction and her concession of the "deliberate cruelty" aggravating factor), the pre-sentence report is the only source for determining the underlying factual basis for Ulak's conviction and the underlying factual support for the superior court's sentencing decision.

At first blush, the answer to this legal problem might appear to be simple. Under this Court's decision in *Ashenfelter*, because Ulak pleaded guilty to recklessly causing physical injury to the victim on more than one occasion, and because Ulak conceded that her conduct toward the victim manifested deliberate cruelty, the sentencing judge apparently should have disregarded Ulak's denials of the facts underlying this charge and this aggravating factor. In other words, Ulak would be foreclosed from asserting that she never physically abused the victim, and never struck the victim except for normal discipline, and never treated the victim cruelly—because these assertions are seemingly inconsistent with Ulak's admission of the elements of third-degree assault as defined in AS 11.41.220(a)(1)(C)(ii) and Ulak's concession of the "deliberate cruelty" aggravator.

The matter is more complicated, however, because Ulak's crime is not defined in terms of a single assault, but rather as repeated conduct-reckless infliction of injury to the child "on more than one occasion". The grandchildren's statements recounted in the pre-sentence report describe several incidents of abuse; but, technically, the State needed to prove only *two* incidents of abuse to establish the charged crime. Arguably, Ulak might be able to object to assertions in the pre-sentence report describing more than two incidents of her violence toward the victim. But even then, it is not clear *which* of

---

2. *See* Alaska Criminal Rule 32.1(f). See also *Evans v. State*, 23 P.3d 650, 652 (Alaska App. 2001), and *Hamilton v. State*, 771 P.2d 1358, 1362–63 (Alaska App.1989), both of which hold that a defendant has a conditional right of confrontation at sentencing: although a sentencing judge can normally rely on out-of-court statements described in the pre-sentence report for proof of the matters asserted, the State must support its assertions with live testimony if the defendant offers a testimonial denial of those matters and submits to cross-examination.

the various incidents described in the pre-sentence report Ulak might be allowed to challenge.

Judge Bolger's lead opinion resolves this problem by relying on the rule that governs the acceptance of a guilty plea under Alaska Criminal Rule 11(f) and the corresponding federal law. Basically, Criminal Rule 11(f) states that a court should not enter a criminal judgement based on a defendant's guilty plea without hearing an offer of proof as to the factual basis of that plea—*i.e.*, a description of the facts which the State would be prepared to prove at trial to justify the defendant's conviction for the specified crime. I agree that this is the correct rule under Alaska law, and I further agree that we should remand Ulak's case to the superior court so that Judge Hamilton can determine the factual basis of Ulak's plea. This, in turn, will determine the extent to which Ulak is barred from attacking the inculpatory assertions in the pre-sentence report.

However, a related and potentially more difficult problem exists when a defendant pleads no contest (rather than guilty). In Alaska, defendants may plead no contest by right, and the court is not allowed to demand that the defendant admit that there is a factual basis for the plea. *See Miller v. State*, 617 P.2d 516, 518 (Alaska 1980); *Jones v. State*, 215 P.3d 1091, 1095–96 (Alaska App. 2009). More specifically, our supreme court held in *Miller* that Criminal Rule 11(f) does not apply when a defendant pleads no contest:

> [T]he only inquiry permitted the trial court by Criminal Rule 11 is that of determining whether the plea [of no contest] is knowing and voluntary.... [O]nce the trial court determines that a plea of nolo contendere is knowing and voluntary, [the court] is bound to accept that plea.... Subsection (f) [of Criminal Rule 11], by its terms[,] applies only to guilty pleas.... [T]o require a defendant to show that there is a reasonable basis for a plea of nolo contendere puts the defendant in the awkward position of having to demonstrate his guilt

> in order to be allowed to plead nolo contendere. Such a practice destroys the unique purpose of the nolo [contendere] plea, which is that the issue of guilt shall not be contested.

*Miller*, 617 P.2d at 518 (internal citations omitted).

But even though a court may not demand that a defendant who offers a plea of no contest concomitantly acknowledge the factual truth of the State's case, the court still needs to identify the factual assertions that will be taken as proved for purposes of the sentencing proceedings. If these factual assertions are unidentified, the court will be unable to ascertain the scope of the facts that the defendant has conceded (for purposes the *Ashenfelter* rule) when resolving questions involving the proper content of the pre-sentence report and whether the State is required to present live testimony at the sentencing hearing.

Because of this, I would expand the rule that we are now adopting for guilty pleas, so that it covers no contest pleas as well. Even though a defendant who pleads no contest need not concede the factual truth of the State's allegations, the legal effect of the plea is that the sentencing court is entitled to treat each element of the offense as proved (despite the defendant's protestations of factual innocence). *Scott v. State*, 928 P.2d 1234, 1238 (Alaska App.1996). I therefore believe that, even in cases where defendants plead no contest, a court can still require the parties to describe or identify the factual assertions that will be taken as proved for purposes of sentencing.

Judge Coats contends (in his separate opinion) that it is too late for the superior court to go back and identify the factual basis of Ulak's plea and the factual basis of Ulak's concession of the "deliberate cruelty" aggravator. Judge Coats explains his conclusion by noting that the superior court "long ago accepted Ulak's plea and ... sentenced her", and thus Ulak would be unable to "walk away from the plea agreement without prejudice".

Judge Coats's statement implies that he believes that Ulak's double jeopardy or due process rights would be violated if the superior court were to inquire into the factual basis of Ulak's plea at this time. But there is no double jeopardy problem, because Ulak has not appealed her sentence. In other words, Ulak has not challenged Judge Hamilton's reliance on the grandchildren's factual assertions when he made the sentencing decision in this case. Instead, Ulak's sole contention on appeal is that those factual assertions should not remain part of her pre-sentence report.

With regard to the due process aspects of this case, Judge Coats argues that, because the parties failed to specify the factual basis of Ulak's plea to third-degree assault and the factual basis of her concession of the aggravating factor, the only fair thing to do is to have the superior court offer the State the choice of either (1) producing the live testimony of the grandchildren or else (2) suffering the deletion of all the incriminatory assertions from the pre-sentence report. But Judge Coats's approach to the situation ignores the rule of *Ashenfelter* and *Evans*. Defendants are not allowed to plead guilty and then demand that the State affirmatively prove their guilt during the sentencing proceedings.

In effect, Judge Coats is arguing that, at this point, Ulak must be deemed to have conceded *nothing* when she pleaded guilty to assaulting the child and when she agreed to the "deliberate cruelty" aggravating factor. To my mind, this suggestion is unfair and fundamentally inconsistent with *Ashenfelter* and *Evans*. It requires everyone to pretend that Ulak's guilty plea and Ulak's concession of the "deliberate cruelty" aggravating factor had *no ascertainable factual basis*—thus leaving the State the task of proving Ulak's guilt from scratch for purposes of sentencing.

The problem in this case arises from the fact that the parties failed to specify the factual basis of Ulak's plea. The solution is either to identify the basis of the plea or, failing that, to have Ulak ask the superior court to let her withdraw the plea. It would be unfair and improper to allow Ulak to maintain her guilty plea but, at the same time, demand that the State affirmatively prove Ulak's guilt at the sentencing hearing. For these reasons, I concur with Judge Bolger's resolution of this appeal.

COATS, Chief Judge, concurring in part and dissenting in part.

*Introduction*

This case involves a dispute over what information may be included in a presentence report. In brief, Ulak entered a plea of guilty to one count of assault in the third degree. Later, at sentencing, Ulak offered testimony in which she denied statements by her grandchildren describing her treatment of C.S., the victim in this case. Ulak's grandchildren did not testify at the sentencing hearing and the State did not provide any evidence that they were unavailable to testify. Ulak moved to strike the grandchildren's statements from the presentence report. Judge Hamilton denied the motion but agreed to supplement the record with Ulak's affidavit setting forth her version of the offense.

This was error. Criminal Rule 32.1(f) requires the trial court to resolve all disputed allegations in the presentence report, or else declare that they do not need to be resolved and strike them from the record. I therefore would remand the case to allow the trial court to do this.

However, I have concerns about this court's opinion, which appears to allow the State to establish contested facts under Criminal Rule 11(f)-facts that the State might not be able to establish under Criminal Rule 32.1. Because Ulak has entered her plea and has been sentenced, she is not in the same position she would have been in if the court had established the basis for her plea before accepting the plea. Therefore, the State should be bound by the procedures for establishing facts under Rule 32.1(f).

*Discussion*

The State indicted Harrietta Ulak on four counts of assault in the first, second, and

third degree for abusing her three-year-old adopted daughter, C.S.[1] Ulak entered into a plea agreement with the State in which she pleaded guilty to one count of assault in the third degree under AS 11.41.220(a)(1)(C)(ii), a class C felony, for "recklessly [causing] physical injury to a child under 10 years of age on more than one occasion." Ulak also agreed to admit two aggravating factors—that her conduct during the commission of the offense manifested deliberate cruelty to C.S., and that she knew or reasonably should have known that C.S. was particularly vulnerable or incapable of resistance due to her extreme youth.[2]

In preparation for sentencing, a probation officer prepared a presentence report. Ulak filed a notice of several objections to assertions in the presentence report. In particular, Ulak objected to several hearsay reports by her grandchildren which purported to describe Ulak's abuse of C.S.

Sentencing was held before Superior Court Judge Marvin Hamilton. Ulak testified at the sentencing hearing and denied many of the allegations in the presentence report. In particular, she denied the accuracy of most of the hearsay reports by her grandchildren. The State cross-examined Ulak about prior admissions that she had made to a state trooper. Ulak also called her husband, Paul Ulak, as a witness on her behalf. He described his wife as "a good mother." The State cross-examined Paul Ulak on prior statements he had made in which he had accused his wife of physically abusing C.S.

Ulak's grandchildren, who made the hearsay statements to which Ulak objected, did not testify at the sentencing hearing, and the State did not provide any evidence that they were unavailable to testify. Ulak then moved to strike the children's statements from the presentence report. Judge Hamil-

ton denied this motion, but he agreed to supplement the record with Ulak's affidavit setting forth her version of the offense. Judge Hamilton imposed a sentence of 4 years with 1 year suspended and placed Ulak on probation for 5 years.

Under Alaska Criminal Rule 32.1(f), in sentencing proceedings, the trial court must resolve all disputed allegations in the presentence report or else declare that they do not need to be resolved and strike them from the record:

> [T]he State can normally rely on hearsay allegations of a defendant's other misconduct—but not if the defendant takes the stand, denies the allegation, and submits to cross-examination regarding the matter. In that case, the State must either support its allegation with live testimony or, alternatively, prove that the hearsay declarant is not available to testify and furnish information to support the hearsay declarant's credibility.[3]

Ulak took the stand and denied the substance of the grandchildren's hearsay statements. The State never presented Ulak's grandchildren as witnesses or attempted to show that they were unavailable to testify. But rather than resolve the disputed factual issues, Judge Hamilton simply augmented the presentence report so that it contained the conflicting accounts. Therefore, Judge Hamilton did not follow the procedure mandated by Criminal Rule 32.1(f). The State agrees that Judge Hamilton erred in failing to follow the rule.

The State contends, however, that Ulak was not entitled to deny her grandchildren's statements because Ulak's testimonial denial was inconsistent with her plea of guilty to assault in the third degree and her concession of the aggravating factors, particularly

---

1. AS 11.41.200(a)(3); 11.41.210(a)(3); 11.41.220(a)(1)(A), (C)(i).

2. AS 12.55.155(c)(2) & (c)(5).

3. *Charliaga v. State,* 157 P.3d 1053, 1054 (Alaska App.2007) (citing *Evan v. State,* 899 P.2d 926, 929 (Alaska App.1995); *Hamilton v. State,* 771 P.2d 1358, 1362–63 (Alaska App.1989)).

the aggravating factor that Ulak's conduct manifested deliberate cruelty to C.S. [Ae. Br. 11–12] The State relies on *Evans v. State.*[4]

In *Evans,* the defendant pleaded no contest to one count of sexual abuse of a minor in the first degree.[5] At the sentencing hearing, Evans testified under oath and denied any sexual misconduct. The trial judge denied Evans's motion to strike the allegations in the presentence report. The judge simply noted that Evans had denied the allegations under oath, and stated that the evidence supported many of Evans's denials.[6]

Evans appealed, arguing that the trial judge erred in failing to redact the portions of the presentence report that he had challenged with his testimonial denial.[7] We concluded that the trial judge had violated the provisions of Criminal Rule 32.1, and we stated that the judge "was obliged to resolve the disputed allegations or expressly declare that he did not need to resolve them (and then order them removed from the pre-sentence report)."[8]

We observed, however, that "defendants are not entitled to deny their factual guilt of the charges to which they have pled guilty or no contest."[9] Because Evans had entered a plea of no contest to one count of sexual abuse of a minor in the first degree, the judge "could properly disregard Evans's claim of innocence regarding this count, even though the claim was made under oath."[10] In addition, we noted that in Evans's testimony, he had admitted "making arguably incriminatory statements."[11] We stated that the trial judge could consider these state-

ments in determining the factual background of Evans's offense.[12]

Thus, under *Evans,* Judge Hamilton could rely on the fact that Ulak entered a plea of guilty to assault in the third degree and conceded two aggravating factors to reject Ulak's testimonial denial of the facts that formed the basis of the charge and the aggravating factors to which she pleaded.[13] The court could also rely on the allegations in the presentence report, as long as they were "sufficiently verified."[14] But under Criminal Rule 32.1(f), Judge Hamilton was required to resolve all disputed allegations in the presentence report, or else declare that they did not need to be resolved and strike them from the record. Because Ulak made a testimonial denial and submitted to cross-examination, the State was required to "either support its allegations with live testimony or, alternatively, prove that the [grandchildren were] not available to testify and furnish information to support [their] credibility."[15]

The State did not do this. And going back and revisiting Criminal Rule 11(f) at this time appears to me to raise serious problems. The trial court long ago accepted Ulak's plea and sentenced her. The parties are simply not in the same position they were in when Ulak entered her plea, when either side could walk away from the plea agreement without prejudice. If the State had wanted Ulak to concede certain facts as a condition of her plea agreement, the time to do that was before the court accepted Ulak's plea. Now that Ulak has entered her plea and has been sentenced, the fairest way to proceed is under the long-established procedures set forth

4. 23 P.3d 650 (Alaska App.2001).

5. *Id.* at 651.

6. *Id.*

7. *Id.*

8. *Id.* at 652.

9. *Id.* (footnote omitted).

10. *Id.* (footnote omitted).

11. *Id.*

12. *Id.*

13. *Id.*

14. *Nukapigak v. State,* 562 P.2d 697, 701 (Alaska 1977).

15. *Charliaga,* 157 P.3d at 1054.

in Criminal Rule 32.1(f) for resolving disputed issues in presentence reports.

This procedure is set out in *Evans*.[16] Because I see this court's decision as potentially a major departure from this established procedure, I am concerned that the effect of the decision will be unpredictable in any case in which the defendant enters a plea without agreeing to the facts that constitute the offense. And the court's decision could certainly be unfair to Ulak, who could not have foreseen this change in procedure.

I therefore agree with this court's decision that the case must be remanded to Judge Hamilton to resolve the disputed issues in the presentence report under Criminal Rule 32.1(f). But to the extent that the court's decision would allow the State to retroactively revisit Criminal Rule 11(f) to establish facts that it would not be able to establish under Criminal Rule 32.1(f), I disagree with this court's decision.

---

**16.** *Id.* at 651–52.